DONALD W. JOHNSON v. BUILDER'S TRANSPORT, INC.

No. 8512SC727

(Filed 18 March 1986)

Master and Servant § 10.2— discharge of employee for filing of workers' compensation claim — action for retaliatory discharge — employee's disability — summary judgment for employer

The trial court properly entered summary judgment for defendant employer in plaintiff's action for retaliatory discharge where plaintiff had received compensation for his permanent partial disability, and affidavits submitted by defendant showed that plaintiff's disability interfered with his ability adequately to perform work available; N.C.G.S. § 97-6.1(e) provided a blanket exception for employers who dismissed employees having a permanent disability which interfered with their ability adequately to perform work available; and the reasons for defendant's failure to continue plaintiff's employment thus did not constitute a material issue which would affect the outcome of the litigation.

APPEAL by plaintiff from *Johnson, E. Lynn, Judge.* Judgment entered 17 January 1985 in Superior Court, HOKE County. Heard in the Court of Appeals 4 December 1985.

This is a civil action for retaliatory discharge instituted by plaintiff, Donald W. Johnson, against defendant Builder's Transport, Inc. G.S. 97-6.1. On 29 July 1980, defendant employed plaintiff as a truck driver. On 18 November 1982, plaintiff sustained injuries from an automobile accident which occurred during the course and scope of his employment with defendant. On 19 November 1983, plaintiff instituted a proceeding for the recovery of benefits pursuant to the Workers' Compensation Act. This claim included allegations of a five percent (5%) permanent disability, along with a pre-existing ten percent (10%) permanent disability. Defendant paid out a total of $2,257.75 toward medical expenses incurred by plaintiff resulting from his automobile accident. Additionally, defendant paid to plaintiff a total of $4,788.00 representing a twenty-one (21) week period of lost wages. On 4 October 1983, plaintiff returned to work. On 30 November 1983, the parties entered into a settlement agreement and release to resolve plaintiff's claim; whereby defendant, without acknowledging an added five percent (5%) disability, agreed to pay to plaintiff a lump sum payment of $3,240.00. Plaintiff and defendant agreed that this award would be a complete and final determination of

the controversy. On 28 December 1983, defendant filed a final report of compensation. Defendant terminated plaintiff's employment on 6 January 1984.

On 27 March 1984, plaintiff instituted this civil action alleging retaliatory discharge and further alleging that he had suffered mental anguish therefrom. G.S. 97-6.1(a). Defendant answered denying all pertinent allegations. On 27 August 1984, defendant filed a motion for summary judgment. On 17 January 1985, the court ordered summary judgment for defendant. Plaintiff appeals.

*McLeod & Senter, P.A., by John Michael Winesette, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Guy F. Driver, Jr. and William McBlief, for defendant appellee.*

JOHNSON, Judge.

The sole issue raised by this appeal is whether the trial court erred when it allowed defendant's motion for summary judgment. We hold that the trial court did not err when it ordered summary judgment for defendant.

G.S. 1A-1, Rule 56(c) provides in pertinent part as follows:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

Rule 56(c), N.C. Rules Civ. P. The judge's role is to determine if there is a material issue of fact that is triable. *Wachovia Mortgage Co. v. Autry-Barker-Spurrier Real Estate, Inc.*, 39 N.C. App. 1, 249 S.E. 2d 727 (1978), *aff'd*, 297 N.C. 696, 256 S.E. 2d 688 (1979). The moving party, through his forecast of the evidence, has the burden of establishing a lack of triable issues of fact, but the non-moving party may not rest upon the mere allegations of his pleadings. *Taylor v. Greensboro News Co.*, 57 N.C. App. 426, 291 S.E. 2d 852, *disc. rev. granted*, 306 N.C. 751, 295 S.E. 2d 486 (1982), *appeal dismissed*, 307 N.C. 459, 298 S.E. 2d 385 (1983). Having stated the applicable legal principles controlling the disposition of this case, we now turn to the propriety of the court's granting defendant's motion for summary judgment.

The statutory scheme within the Workers' Compensation Act that we are called upon to construe involves the interrelationship between two subsections of G.S. 97-6.1. The subsection whereby plaintiff instituted this lawsuit states:

(a) No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the North Carolina Workers' Compensation Act, or has testified or is about to testify in any such proceeding.

G.S. 97-6.1(a). Defendant relies upon G.S. 97-6.1(e) as it existed prior to amendment and as it existed at the time of the filing of this action. G.S. 97-6.1(e), as it existed prior to the 1985 amendment, reads as follows:

(e) The failure of an employer to continue to employ, either in employment or at the employee's previous level of employment, an employee who receives compensation for permanent disability, total or partial, shall in no manner be deemed a violation of this section.

G.S. 97-6.1(e) (1979) (amended 1985). Defendant contends "the issue of defendant's motives in discharging plaintiff and the issue of plaintiff's ability to work have no bearing on the result: the plaintiff's permanent partial disability removes him from the retaliatory discharge exception in the Workers' Compensation Act." Defendant's interpretation of subsection (e) may be consistent with the wording of subsection (e), but it is entirely inconsistent with the wording of subsection (a). Moreover, we hold that such an interpretation runs contrary to the General Assembly's intent expressed in subsection (a). Subsection (a) explicitly prohibits an employer from discharging "*any* employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the North Carolina Workers' Compensation Act." G.S. 97-6.1(a) (emphasis ours). Thus, when subsections (a) and (e) are read in *pari materia* it becomes clear that pursuant to subsection (e) an employer may discharge an employee for a bona fide reason such as the employee is so disabled that he or she is no longer able to effectively carry out the duties for which he or she is employed.

At the time G.S. 97-6.1(e) was being amended legislators expressed their concern for employers with employees no longer able to perform their tasks and therefore agreed to the exception stated in subsection (e). Note, *Workers' Compensation—Retaliatory Discharge—The Legislative Response to Dockery v. Lampart Table Co.*, 58 NCL Rev. 629, 643, n. 98 (1980). G.S. 97-6.1 (e) (1979) (amended 1985) should not be misinterpreted to sanction an employer's contravention of G.S. 97-6.1(a), to wit: dismissing an employee merely because that employee in good faith has initiated a proceeding against the employer. The General Assembly has aptly guarded against such a misinterpretation of subsection (e) in the current version of G.S. 97-6.1(e), which is as follows:

> (e) The failure of an employer to continue to employ, either in employment or at the employee's previous level of employment, an employee who receives compensation for permanent total disability, *or a permanent partial disability interfering with his ability to adequately perform work available*, shall in no manner be deemed a violation of this section.

G.S. 97-6.1(e) (as amended) (emphasis ours). It is clear that the General Assembly intended subsection (e) to be a narrow exception to the general rule in subsection (a) that an employer may not dismiss an employee who has in good faith instituted a proceeding against the employer. We now turn to the record herein to determine if there was a material issue of fact with respect to whether defendant properly relied upon G.S. 97-6.1(e) as a basis for terminating plaintiff's employment.

Plaintiff argues that he should be allowed to present before a jury his evidence pertaining to defendant's termination of his employment. It is contended by plaintiff that there exists a material issue of fact with respect to why defendant fired him. We disagree.

The facts that plaintiff has received compensation for his permanent partial disability and affidavits submitted by defendant showing that this disability interferes with his ability to adequately perform work available render his inquiry into the reasoning for his dismissal as pointless. We recognize that plaintiff asserts through his pleadings and supporting materials various credible theories which might raise an issue of fact. However,

these allegations do not raise a triable, material issue of fact in light of the General Assembly's blanket exception in G.S. 97-6.1(e) for employers that dismiss employees who have a permanent disability interfering with their ability to adequately perform work available. G.S. 97-6.1(e). Thus, the reasons for defendant's failure to continue the employment of plaintiff do not constitute a material issue such that would affect the outcome of the litigation. *See Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972). Moreover, defendant's forecast of the evidence that would have been presented at trial reveals the uncontradicted fact of plaintiff's fifteen percent (15%) permanent partial disability, which would interfere with plaintiff's ability to drive a truck. Defendant submitted two physicians' reports, two letters from physicians to defendant and an affidavit by defendant's Workers' Compensation Manager which all support defendant's assertion that plaintiff's permanent partial disability interferes with his ability to adequately perform his work such that his dismissal was justified. Plaintiff did not submit any affidavits or materials in opposition to defendant's motion for summary judgment. Based on the foregoing we conclude that the trial court correctly granted defendant's motion for summary judgment.

Affirmed.

Judges WHICHARD and PHILLIPS concur.