523 So.2d 684 (1988)
Gustavo PERICICH, Appellant,
v.
CLIMATROL, INC., Appellee.
No. 87-437.
District Court of Appeal of Florida, Third District.
March 29, 1988.
Rehearing Denied May 3, 1988.
*685 Max A. Goldfarb, Miami, for appellant.
Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick and James S. Bramnick, Andrew S. Hament and Paul C. Heidmann, Miami, for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
HENDRY, Judge.
Appellant, Gustavo Pericich, sustained a back injury while working for Climatrol, Inc. as a railing installer. Climatrol provided Pericich with workers' compensation benefits and placed him on "light duty" until his back injury improved. Fourteen months later Pericich was still unable to resume his former position. Subsequently, Climatrol informed Pericich he would be discharged because it was economically infeasible to continue to employ him. A few days later Climatrol offered Pericich another less physically demanding position which Pericich had previously requested. Nevertheless, Pericich failed to respond to or accept the offer.
Instead, Pericich brought an action against Climatrol, claiming the company had violated section 440.205, Florida Statutes (1987), which prohibits an employer from discharging an employee "by reason of such employee's valid claim for compensation ... under the Workers' Compensation Law."[1] Pericich contended he was discharged because Climatrol, who was self-insured for purposes of workers' compensation, had paid $12,000 in medical expenses since his injury. The trial court, relying on Pericich's affidavit and deposition, disagreed, finding Pericich was discharged for legitimate business reasons, i.e., he was no longer able to perform his job. A summary final judgment was entered in favor of Climatrol and Pericich appealed. We affirm.
In its judgment the trial court correctly concluded that section 440.205 only prohibits the retaliatory discharge of an employee "by reason of" the filing of a workers' compensation claim. The statute cannot be interpreted to prohibit the discharge of an employee for any reason once the employee has filed or pursued a workers' compensation claim.[2] Employers still retain their traditional right to terminate employees for legitimate business reasons, such as unsatisfactory job performance or excessive absenteeism. See Slover v. Brown, 140 Ill. App.3d 618, 94 Ill.Dec. 856, 488 N.E.2d 1103 (1986) (valid and nonpretextual basis for employee's discharge may be excessive absenteeism caused by compensable injury); Kern v. South Baltimore Gen. Hosp., 66 Md. App. 441, 504 A.2d 1154 (1986) (employee who was no longer qualified to perform job duties and excessively absent because of compensable injury could be terminated when it became obvious that disability period was undeterminable); Johnson v. Builder's Transp., Inc., 79 N.C. App. 721, 340 S.E.2d 515 (1986) (employer may discharge employee for a bona fide reason such as the employee is so disabled that he or she is no longer able to effectively carry out duties for which he or she was hired); Pierce v. Franklin Elec. Co., 737 P.2d 921 (Okla. 1987) (given an employer's necessity to operate economically, an employee's incapacity due to a compensable injury may constitute a legitimate nondiscriminatory reason to discharge the employee).
The record indicates Pericich filed his compensation claim immediately following *686 his injury and successfully collected compensation benefits. After filing his claim and while receiving compensation benefits, he continued to be employed by Climatrol for over a year on a "light duty" basis. In his deposition Pericich admitted he was not able to resume his former position as a railing installer and conceded the back injury continued to prevent him from performing any other job at Climatrol on a full-time basis. The record is devoid of any evidence indicative of retaliatory actions on the part of Climatrol following Pericich's injury or the filing of his claim. To the contrary, Climatrol continued to employ Pericich for over a year after he filed his compensation claim. Only when it became apparent Pericich would be physically unable to resume his former position and it was economically infeasible to continue to employ him at less than full duty was he terminated. Further serving to refute Pericich's claim of retaliatory discharge of Climatrol's reconsideration of the discharge and its offer of another less demanding position with the company.
Having found that Pericich's allegations fail to raise any triable issues of material fact, the summary final judgment in favor of Climatrol is affirmed. Because of our disposition, we find it unnecessary to address other points raised on appeal.
Affirmed.
NOTES
[1] Section 440.205 states:

"No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."
[2] See A. Cooper and R. Westberry, "Handling Retaliatory Discharge Cases under the Workers' Compensation Act," 58 Fla.B.J. 253, 256 (1984). The authors correctly state that an employee does not have immunity from discharge under the statute solely because he or she has suffered a work-related injury and is physically unable to perform job responsibilities. They caution an employer, however, not to take immediate action against an employee following a work-related injury or immediately upon the employee's return to work after suffering a work-related injury, since such action would violate section 440.205.