## 1448

Jimmy WALLACE, Respondent v. MILLIKEN & COMPANY, Appellant.

(389 S. E. (2d) 448)

Court of Appeals

*John P. Mann* and *M. Lee Daniels, Jr.* of *Thompson, Mann & Hutson,* Greenville, *for appellant.*

*William G. Rhoden,* Gaffney, *for respondent.*

Heard Dec. 5, 1989.

Decided Jan. 8, 1990.

GOOLSBY, Judge:

This is a retaliatory discharge action brought by Jimmy Wallace against Milliken & Company pursuant to Section 41-1-80 of the South Carolina Code of Laws (1976 & Supp. 1988).[1] The trial judge, sitting without a jury, found in Wallace's favor. He awarded Wallace $12,500.69 in lost wages and ordered him reinstated. Milliken appeals. We affirm.

The questions on appeal relate to the standard of review, the sufficiency of the evidence as to retaliatory discharge, the burden of proof regarding an affirmative defense al-

---

[1] Section 41-1-80 provides in part as follows:

No employer may discharge ... any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law....

Any employer who violates any provision of this section is liable in a civil action for lost wages suffered by an employee as a result of the violation, and an employee discharged or demoted in violation of this section is entitled to be reinstated to his former position. The burden of proof is upon the employee.

Any employer shall have as an affirmative defense to this section the following: wilful or habitual tardiness of absence from work; being disorderly or intoxicated while at work; destruction of any of the employer's property; failure to meet established employer work standards; malingering; embezzlement or larceny of the employer's property; violating specific written company policy for which the action is a stated remedy of the violation.

lowed by Section 41-1-80, the trial judge's denial of Milliken's motion for involuntary dismissal, and the trial judge's determination of lost wages awarded Wallace.

Milliken hired Wallace on July 22, 1986 as a Topaz machine operator. Wallace severely injured his hand on September 10, 1986, while operating a Calendar machine. A worker's compensation claim was immediately filed. After being hospitalized and undergoing several operations, Wallace returned to work on December 15, 1986. Milliken fired him the same day.

This action followed.

Wallace alleges that Milliken discharged him because he instituted a workers' compensation proceeding. Milliken, on the other hand, alleges that it fired Wallace because he violated safety rules.

## I.

Milliken contends that a retaliatory discharge action brought under Section 41-1-80 is an equity action and that, accordingly, the standard of review is the one used in equity cases tried by a single judge.

An action created by statute is generally considered a law action unless the statute provides otherwise or the nature of the relief permitted by the statute is clearly equitable. 1A C. J. S. *Actions* Sec. 126 at 539 (1985).

Here, Section 41-1-80, the statute creating the action brought by Wallace, allows a wrongfully-discharged employee to recover only "lost wages" and "reinstatement." Relief in the form of "lost wages" is generally considered equitable in nature. *See Equal Employment Opportunity Commission v. Detroit Edison Co.*, 515 F. (2d) 301 (6th Cir. 1975), *vacated on other grounds*, 431 U. S. 951, 97 S. Ct. 2669, 53 L. Ed. (2d) 267 (1977) (back pay recoverable under Title VII of the Civil Rights Act, 42 U. S. C. Secs. 2000e *et seq.* (1982), seen as restitution and not as damages); 77 C. J. S. *Restitution* at 322 (1952) (restitution is an equitable principle); *Johnson v. Georgia Highway Express, Inc.*, 417 F. (2d) 1122 (5th Cir. 1969) (in an action brought under Title VII, a demand for back pay is not in the nature of a claim for damages but is an integral part of the statutory equitable remedy). Relief in the form of "reinstatement" is similarly

viewed. *See Smith v. Hampton Training School for Nurses*, 360 F. (2d) 577, 581 n. 8 (4th Cir. 1966) (reinstatement is an equitable remedy).

We therefore hold that an action brought pursuant to Section 41-1-80 is an equitable action. *Brunecz v. Houdaille Industries, Inc.*, 13 Ohio App. 3d 106, 468 N. E. 2d 370 (1983); *see Kofoid v. Woodard Hotels, Inc.*, 78 Or. App. 283, 716 P. 2d 771 (1986) (a statutory action for employment discrimination viewed as equitable where the statute creating the action, OR. REV. STAT. Sec. 659.121 (1983), permitted "injunctive ... and ... other equitable relief ...., including but not limited to reinstatement [and] back pay."); *cf. Patterson v. I. H. Services*, 295 S. C. 300, 368 S. E. (2d) 215 (Ct. App. 1988) (Section 41-1-70, which creates a cause of action for wrongful discharge of an employee who complies with a subpoena and allows a claimant to seek "damages," rather than lost wages or reinstatement, viewed as a law action); N.C. GEN. STAT. Sec. 97-6.1 (1985) (North Carolina statute, which creates a cause of action for retaliatory discharge, authorizes both legal and equitable relief by allowing a claimant to seek "reasonable damages" and reinstatement).

## II.

Milliken maintains that the evidence is insufficient to support a finding of retaliatory discharge because the preponderance of the evidence does not show it discharged Wallace for instituting a workers' compensation proceeding.

Since this is an equity case tried by a judge without a reference, we have jurisdiction to find facts in accordance with our own view of the preponderance of the evidence. *Fryar v. Currin*, 280 S. C. 241, 312 S. E. (2d) 16 (Ct. App. 1984). Even so, we are not required to ignore the trial judge's findings. *Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985). After all, the trial judge occupies a much better position than do we to evaluate the credibility of witnesses. *Thompson v. Brunson*, 283 S. C. 221, 321 S. E. (2d) 622 (Ct. App. 1984). In an equity case, the appellant bears the burden of convincing the reviewing court that the trial judge erred in his findings of fact. *Inabinet v. Inabinet*, 236 S. C. 52, 113 S. E. (2d) 66 (1960).

For a claimant to prevail in a retaliatory discharge action brought under Section 41-1-80, the claimant must prove by a preponderance of the evidence that his instituting of a workers' compensation proceeding was a substantial factor in bringing about his discharge. *See* J. Love, *Retaliatory Discharge for Filing a Workers' Compensation Claim: The Development of a Modern Tort Action,* 37 Hastings L. J. 551 at 571 (1986) ("It is preferable to require the plaintiff to prove that the filing of a workers' compensation claim was either a 'substantial factor' or a 'determinative factor' in causing the discharge."); RESTATEMENT (SECOND) OF TORTS Sec. 431 at 428 (1965) ("The actor's negligent conduct is a legal cause of harm to another ... if his conduct is a substantial factor in bringing about the harm...."). Under this test, the claimant must establish that retaliation was an important factor motivating his discharge. J. Love, *supra* at 571; 2A LARSON, WORKMEN'S COMPENSATION Sec. 68.36(c) at 13-186 (1989) ("[T]he normal rule would presumably be that the prima facie case would be made by a showing that the claim was *a* cause of the discharge."). The claimant need not show that the employer discharged him "solely" because of the workers' compensation claim. *Cf.* HAWAII REV. STAT. Sec. 378-32(2) (1976 & Supp. 1984) and MD. ANN. CODE art. 101, Sec. 39A(a) (1979) (statutes requiring the employee to show his firing was due "solely" to the workers' compensation claim). Because it is highly unlikely that an employer will declare retaliation as the motive for discharge, the claimant must ordinarily rely on circumstantial evidence. 2A LARSON, *supra* at 13-187.

We are satisfied, given the trial judge's implicit findings regarding credibility, that Wallace established by a preponderance of the evidence that retaliation for Wallace's exercise of his rights under the Workers' Compensation Act was an important factor motivating his discharge.

Wallace injured his hand on September 10, 1986. Milliken fired him on December 15, 1986, his first day back at work. Between those dates, Wallace, who owned an unblemished safety and disciplinary record before he was injured, was accorded workers' compensation benefits. Although Milliken made the decision to fire Wallace sometime before he re-

turned to work, it did not inform him of its decision until then. Had Milliken, as it claims, discharged Wallace solely because he violated safety rules, a charge Wallace denies, it would have told Wallace he was fired immediately upon concluding its investigation into his accident. Milliken would not have waited until Wallace returned to work in December, considering the emphasis Milliken says it places on safety awareness and accident prevention and considering what the record suggests Milliken does in other cases involving employee violations of its safety rules.

We do not ignore Milliken's contention regarding its assertion that Wallace neither instituted nor caused to be instituted a workers' compensation proceeding. It bases this contention on Wallace's admission that Milliken filed Wallace's workers' compensation claim for him. Other testimony revealed that whenever an employee is injured on the job the plant nurse fills out an "industrial commission [*sic*] report" and sends the report to Liberty Mutual Insurance Company, Milliken's workers' compensation insurance carrier.

■ An employer's filing of a claim for an injured employee, however, does not preclude the employee from bringing an action under Section 41-1-80. "[A] proceeding under the South Carolina Workers' Compensation [Act]" is instituted where, as here, the employer's workers' compensation insurance carrier pays for the employee's medical expenses and pays the employee his average weekly wage "in accordance with the provisions" of the Act before he is discharged. *See Roseborough v. N. L. Industries*, 10 Ohio St. 3d 142, 462 N. E. 2d 384, 387 (1984) (for the purposes of the Ohio retaliatory discharge statute, OHIO REV. CODE ANN. Sec. 4123.90 (Page 1980), a workers' compensation proceeding for medical expense benefits has been "instituted" if an employer has paid for medical care provided to an injured employee); *Webb v. Dayton Tire & Rubber Co., etc.* 697 P. 2d 519, 524 (Okla. 1985) (the receipt of medical treatment and commencement of temporary compensation under the Workers' Compensation Act constitutes "institution of a proceeding for purposes of . . . the Workers' Compensation Act.").

## III.

We find no error in the trial judge's requiring Milliken to prove by a preponderance of the evidence that it discharged Wallace for violating a safety rule.

Milliken pled as a third and separate defense to Wallace's claim that Wallace "was discharged for violation of specific written company policies for which discharge is an available remedy." This defense, lifted almost verbatim from the third paragraph of Section 41-1-80, is expressly designated by that statute as an "affirmative defense." A party who pleads an affirmative defense, irrespective of whether the party identifies it as such in his pleading, has the burden of proving it. *See Hoffman v. County of Greenville*, 242 S. C. 34, 129 S. E. (2d) 757 (1963) (the burden of proof is upon the party who by the pleadings has the affirmative of the issue); 31A C. J. S. *Evidence* Sec. 107 at 184 (1964) ("Where defendant pleads an affirmative defense or sets up in his answer facts in avoidance, the burden of proof is on him."); J. Love, *supra* at 578 ("If the plaintiff's misconduct is characterized as an affirmative defense, the employer has the burdens of pleading and persuasion on the issue of whether there was a legitimate reason for the discharge.").

## IV.

We need not entertain Milliken's contention that the trial judge erred in not granting its motion for involuntary dismissal under Rule 41 of the South Carolina Rules of Civil Procedure and made at the close of Wallace's case. After the trial judge denied its motion, Milliken offered evidence. In doing so, Milliken waived its right to question on appeal the trial judge's denial of its motion. 9 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL Sec. 2371 at 221 (1971); 5 J. MOORE AND J. LUCAS, MOORE'S FEDERAL PRACTICE Par. 41.13[1] at 41-167 (1988); *see Jones v. American Fidelity & Casualty Co.*, 210 S. C. 470, 43 S. E. (2d) 355 (1947) (an order erroneously denying a nonsuit will not be set aside where testimony thereafter introduced makes the case sufficient to be considered by the jury).

## V.

We also need not consider the issue, raised by Exception No. 11, regarding whether Wallace wilfully became unemployed and underemployed from January, 1988 until the date of trial. Milliken did not properly preserve it. Nowhere in his order does the trial judge rule upon the issue of whether Wallace wilfully became unemployed and underemployed during the period in question and nowhere does it appear that Milliken made any motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure to amend the judgment by requesting the trial judge to address this issue. *See Talley v. South Carolina Higher Education Tuition Grants Committee*, 289 S. C. 483, 347 S. E. (2d) 99 (1986) (an issue raised in the trial court but not ruled on by the trial court is not preserved for appellate review); *Kneece v. Kneece*, 296 S. C. 28, 370 S. E. (2d) 288 (Ct. App. 1988) (a party's failure to move pursuant to Rule 59(e) to have the family court amend its decree to consider the issue of transmutation is not properly preserved for appellate review); *Wooward v. Woodward*, 294 S. C. 210, 363 S. E. (2d) 413 (Ct. App. 1987) (a party cannot complain on appeal of the family court's failure to award the party an interest in certain property where the party did not raise the issue in the party's Rule 59(e) motion). The trial judge's determination of the amount of lost wages due Wallace stands.

Accordingly, the judgment is affirmed.

SANDERS, C. J., and GARDNER, J., concur.