23631

George Earl HORN, Respondent v. DAVIS ELECTRICAL
CONSTRUCTORS, INC., Petitioner.

(416 S.E. (2d) 634)

Supreme Court

*Wallace K. Lightsey,* of *Wyche, Burgess, Freeman &
Parham, P.A.,* Greenville, *for petitioner.*

*James C. Spears, Jr.,* of the *Faucette Law Firm, P.A.,*
Spartanburg, *for respondent.*

Heard Feb. 4, 1991; Decided Apr. 13, 1992.

Reh. Den. May 6, 1992.

FINNEY, Justice:

In this action for retaliatory discharge, Petitioner Davis Electrical Constructors, Inc., (Davis) appeals from the holding of the Court of Appeals which affirmed a finding of liability and award of lost wages, reversed reinstatement and remanded the issue to the circuit court for reconsideration. *See Horn v. Davis Electrical Constructors, Inc.*, 302 S.C. 484, 395 S.E. (2d) 724 (Ct. App. 1990). We affirm as modified.

Respondent George Earl Horn was employed by Davis as an electrician's helper, which entailed climbing high ladders, lifting heavy objects and operating heavy machinery. On October 20, 1986, Horn was temporarily disabled as the result of an on-the-job injury to his back for which he received temporary total disability Workers' Compensation benefits. On August 20, 1987, Horn received a final release from his physician with restrictions of no lifting over fifty pounds, no climbing higher than ten feet, and no high vibrating factors such as a forklift. Horn's permanent partial disability was rated at eight percent.

Upon being released by his physician in 1987, Horn returned to Davis for work but was refused employment. The records of Davis introduced at trial reflect that on October 30, 1986, Horn was terminated and bear the notation "Worker's Comp Layoff." Subsequently, Horn filed a Workers' Compensation claim which was settled ten months later based upon a permanent impairment rating of thirty percent.

On October 26, 1987, Horn instituted this action alleging that Davis terminated his employment because of Horn's claim for Workers' Compensation, in violation of S.C.Code Ann. § 41-1-80 (Supp. 1991). The case was tried before a judge and jury on March 1-2, 1988. At the close of the plaintiff's case and at the close of evidence, respectively, Davis moved for a nonsuit and for a directed verdict on the following grounds:

1. It was undisputed that Horn had not obtained a full medical release;
2. There was insufficient evidence of a retaliatory motive on the part of Davis; and

3. There was no evidence that Horn had actually been discharged from his position.

The trial judge denied the motions. Additionally, the trial court construed Section 41-1-80 to permit the jury to decide only whether a violation of the statute had occurred and in the event of a verdict for the plaintiff, reinstatement and payment of back wages were mandatory. Davis excepted to the ruling.

The jury returned a verdict for Horn. By its order dated March 11, 1988, the trial court awarded Horn back wages from August 20, 1987, in the amount of $9,787.68, and ordered Davis to immediately reinstate Horn to his former position. Davis appealed, alleging:

1. That Horn had failed to establish a cause of action under Section 41-1-80 in that his undisputed medical al restrictions rendered him incapable of performing his duties;
   a. That Horn had failed to establish a prima facie case in that he offered no proof that he satisfied the job qualification of a full medical release;
   b. That Horn had failed to offer any proof that Davis's nonretaliatory reason for his discharge was merely a pretext; and
2. That the trial court should have the discretion to decide whether reinstatement is an appropriate remedy under Section 41-1-80.

The Court of Appeals affirmed in part, reversed in part, and remanded. *Horn v. Davis, supra.* Davis petitioned for rehearing and upon reconsideration, the Court of Appeals sustained its initial decision.

The Court of Appeals held that Horn had established a prima facie case. It found that Horn's date of discharge was October 30, 1986, ten days after his work-related injury. That court held that while an employee may be discharged for inability to perform the duties for which he was hired, although not permanently totally disabled, the employee must be afforded a reasonable rehabilitation period prior to the making of such determination. The Court of Appeals concluded that Davis' claim of Horn's inability to meet the required work standard at the time of his termination was a pretext and that

the record reflected other evidence of retaliatory motive on the part of Davis. *Wallace v. Milliken & Co.*, 300 S.C. 553, 389 S.E. (2d) 448 (Ct. App. 1990), *aff'd as modified*, — S.C. —, 406 S.E. (2d) 358 (1991) (quoting *Buckner v. General Motors Corp.*, 760 P. (2d) 803 (Okla. 1988)).

The Court of Appeals also reversed Horn's reinstatement and remanded the issue for reconsideration based upon its determination that reinstatement, as an equitable remedy, is similar to injunctive relief and, therefore, is discretionary. *Sea Pines Plantation Co. v. Wells*, 294 S.C. 266, 363 S.E. (2d) 891 (1987). We agree.

Section 41-1-80 provides, in pertinent part, as follows:

> No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law ...
>
> Any employer who violates any provision of this section is liable in a civil action for lost wages suffered by an employee as a result of the violation, and an employee discharged or demoted in violation of this section is entitled to be reinstated to his former position. The burden of proof is upon the employee.
>
> An employer shall have as an affirmative defense to this section . . . failure to meet established employer work standards ...

This Court affirms the judgment of the Court of Appeals with the following two modifications. First, the Court of Appeals interpreted Section 41-1-80 as implicitly mandating a reasonable period of time for rehabilitation from the work-related injury before an employer may discharge an employee for inability to meet established employer work standards.

Citing *Burrow v. Westinghouse Elec. Corp.*, 88 N.C. App. 347, 363 S.E. (2d) 215 (1988), *review denied*, 322 N.C. 111, 367 S.E. (2d) 910, the Court of Appeals relied primarily on the North Carolina Workers' Compensation statute, which was enacted in 1979, and is substantially similar to our 1986 statute. *See*, N.C. Gen. Stat. § 97-6.1 (1991). In *Burrow*, the Court held that there existed genuine issues of material fact which precluded summary judgment on the employee's retal-

iatory discharge claim for termination while still suffering from a previous work-related injury. There is a clear distinction between the South Carolina statute and North Carolina's Section 97-6.1(c), which provides in pertinent part:

> (c) Any employer shall have as an affirmative defense to this section the . . . failure to meet employer work standards *not related to the Workers' Compensation Claim* . . . (Emphasis added.)

It is noteworthy that our legislature omitted from Section 41-1-80 the provision "not related to the Workers' Compensation Claim." The elementary and cardinal rule of statutory construction is that the Court "ascertain and effectuate the actual intent of the legislature." *Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 533, 377 S.E. (2d) 569, 570 (1989). It is not within the purview of the Court to amend statutory law. *Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 352 S.E. (2d) 296 (S.C. App. 1986), *cert. denied*, 292 S.C. 230, 355 S.E. (2d) 861 (1987).

The relief sought in the case before us is wholly statutory in nature. Thus, the court is bound by the plain language of the statute. Under this Court's construction, Section 41-1-80 prohibits termination because an employee institutes South Carolina Workers' Compensation proceeding with no provision for according an employee a reasonable period of time within which to demonstrate that he can meet such established work standards.

We affirm the holding of th Court of Appeals that the point in time at which Horn's discharge occurred renders Davis' articulated reason pretextual when considered in addition to other retaliatory evidence in the record as well as Davis' admission that evidence of retaliation existed. Hence, the resulting conclusion is that Horn's employment was terminated because he exercised his statutory right under the Workers' Compensation law.

Second, this Court further elucidates the Court of Appeals' analysis concerning affirmative defenses. Among the affirmative defenses enumerated in Section 41-1-80 is failure to meet established employer work standards, which was not raised in Horn's pleadings and is, therefore, not before the Court. Rule 8, SCRCP.

However, this Court is constrained to address this issue since it may be implied from the reasoning of the Court of Appeals that once an employer asserts and proves an affirmative defense, the employer has the additional burden of proving that the affirmative defense is causally related to the complained-of discharge; such additional burden is not upon the employer. We reiterate that although an employer is responsible for proving affirmative defenses by a preponderance of the evidence, the ultimate burden of proof remains, throughout, with the employee. *Wallace v. Milliken,* *supra.*

Accordingly, we affirm the decision of the Court of Appeals except as to the modifications that 1) Section 41-1-80 does not singularly accord to an employee the right to a reasonable period of time for rehabilitation to demonstrate the ability to perform his former employment; and 2) the ultimate burden of proof under Section 41-1-80 is upon the employee.

Affirmed as modified.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.