511 S.E.2d 404

**HOME HEALTH SERVICES, INC., Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF REVENUE AND TAXATION, Appellant.**

No. 2925.

Court of Appeals of South Carolina.

Heard Dec. 8, 1998.

Decided Jan. 18, 1999.

---

1. 311 S.C. 316, 428 S.E.2d 871 (1993).

General Counsel Harry T. Cooper, Jr., Chief Counsel for Revenue Litigation Ronald W. Urban and Counsel for Revenue Litigation Jeffrey M. Nelson, all of Columbia, for appellant.

F. Truett Nettles, II, of Charleston, for respondent.

HOWELL, Chief Judge:

Home Health Services, Inc. (Home Health) filed a request for a refund of sales taxes remitted from its bingo operation. The South Carolina Department of Revenue and Taxation (the

Department) denied the refund and the administrative law judge (ALJ) affirmed the denial. The circuit court reversed. The Department appeals. We reverse.

## I.

Home Health is a nonprofit, eleemosynary organization that provides nursing, rehabilitative, and therapeutic care for homebound individuals. Most of its clients are Medicare clients and its gross revenue comes primarily from reimbursements from Medicare and Medicaid. Only three percent of its gross revenue comes from private payments.

Home Health started a bingo operation in 1982 to earn additional funding for covering denial of claims to Medicare and Medicaid and delays in payment. It holds a Class B bingo license which permits conducting bingo sessions three nights per week with an $8000 per night maximum payout. Furthermore, Home Health directly employs the promoter and other employees who operate the bingo games rather than use a professional promoter.

Pursuant to S.C.Code Ann. § 12–36–2120(41) (Supp.1997), Home Health applied for and received a sales tax exemption certificate. Through this certificate, it sought to avoid remitting sales tax on the goods it sold from a concession stand. Section 12–36–2120(41) provides a sales tax exemption for items sold by organizations (including religious, charitable, or eleemosynary societies) exempt from *ad valorem* taxes under certain subsections of S.C.Code Ann. § 12–37–220 (Supp.1997). In order to qualify for the exemption, the net proceeds must be used exclusively for exempt purposes and no benefit may inure to any individual. § 12–36–2120(41).

S.C.Code Ann. § 12–21–3610 (Supp.1997) taxes gross proceeds from bingo games (the bingo tax). Claiming Section 12–36–2120(41) to be an exemption from the bingo tax, Home Health requested a refund of the taxes it paid under Section 12–21–3610.

## II.

Section 12–21–3610 provided that "[t]he sales and use tax imposed pursuant to Chapter 36 of Title 12 applies on gross

proceeds from the game of bingo as provided in this chapter, but this section does not apply to bingo games held under a CLASS E license" (emphasis in original).[1] Chapter 36 of Title 12, the South Carolina Sales and Use Tax Act, defines terms and provides direction for the imposition and collection of sales tax. In addition, Chapter 36 provides exemptions from the imposition of sales tax. Section 12–36–2120(41) is one such exemption.

■ As noted above, the Department denied Home Health's request for a refund. On appeal to the administrative law judge division, the ALJ agreed with the Department and held the exemption contained in Section 12–36–2120(41) does not apply to the bingo tax. The ALJ explained that the application of Section 12–36–2120(41)'s exemption to the bingo tax would exempt all nonprofit organizations, the only organizations that may conduct bingo operations. Under those conditions, the ALJ held that the bingo tax would be a virtual nullity.[2]

On appeal to the circuit court, the circuit court judge held the evidence did not support the ALJ's factual finding that the application of Section 12–36–2120(41) to the bingo tax would render the bingo tax a nullity. The court noted the Department offered no evidence to dispute Home Health's evidence that the Department could still collect 85% of the tax it had been collecting on bingo operations. Consequently, the circuit court held Home Health exempt from the bingo tax.

On appeal to this Court, the Department argues the circuit court erred in holding the sales tax exemption of Section 12–36–2120(41) applies to the bingo tax. We agree.

This case is a matter of statutory construction. The issue before us is not whether the ALJ's findings and conclusions

---

1. Article 23 of Chapter 21 of Title 12, which contained section 12–21–3610, was repealed by 1996 Act No. 449, § 4, effective October 1, 1997.

2. One principle of statutory construction is that a court must assume the legislature intended to accomplish something through an enacted statute and did not engage in futile action. *See Purvis v. State Farm Mut. Auto. Ins. Co.*, 304 S.C. 283, 288, 403 S.E.2d 662, 666 (Ct.App. 1991) (appellant's argument rejected where it rendered a statutory definition meaningless).

are supported by reasonable evidence; instead, we must determine the correct interpretation of Section 12–21–3610.

When construing a statute, courts must determine the intent of the legislature. *See Horn v. Davis Elec. Constructors, Inc.,* 307 S.C. 559, 563, 416 S.E.2d 634, 636 (1992). The words of a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand its operation. *See First Baptist Church of Mauldin v. City of Mauldin,* 308 S.C. 226, 229, 417 S.E.2d 592, 593 (1992). "[S]tatutes, as a whole, must receive practical, reasonable and fair interpretation consonant with the purpose, design, and policy of lawmakers." *Whiteside v. Cherokee Co. School Dist. No. 1,* 311 S.C. 335, 340, 428 S.E.2d 886, 888 (1993).

"Where there is an express exception in a statute, all other exceptions which are not expressly set forth are excluded. The inclusion of one exception amounts to an affirmation of the applicability of the statute's provision to all other cases which are not excepted." *Vernon v. Harleysville Mut. Cas. Co.,* 244 S.C. 152, 157, 135 S.E.2d 841, 844 (1964) (citing 82 C.J.S. Statutes § 382c, page 894). By specifically exempting Class E license holders from the bingo tax, the legislature intended for the bingo tax to apply to all other bingo operations, regardless of whether they held an exemption under Section 12–36–2120(41). This interpretation is consistent with the bingo tax's purpose: to tax gross proceeds from bingo games.

Furthermore, our interpretation is consistent with the Department's position on the issue. The "construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." *Dunton v. S.C. Bd. of Exam'rs in Optometry,* 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987). The Department has interpreted Section 12–21–3610 as imposing a tax on gross proceeds from all bingo games with an exception for those proceeds generated from bingo games operated under a Class E license. S.C. Revenue Ruling # 93–5; S.C. Revenue Ruling # 93–62. There is no compelling reason to reject this interpretation.

Nevertheless, Home Health contends that, because courts should construe statutes consistent with each other, Section 12–21–3610's explicit connection to the sales and use tax in Chapter 36 should allow Home Health's sales tax exemption under Section 12–36–2120(41) to exempt Home Health from the bingo tax. We disagree. As discussed above, in statutory construction, the chief obligation of a court is to discern legislative intent. *See Horn*, 307 S.C. at 563, 416 S.E.2d at 636. Given our conclusion that, in enacting the bingo tax, the legislature intended to tax gross proceeds from all bingo games except those operated under a Class E license, Home Health's argument fails.

In conclusion, we reverse the circuit court on the ground that the inclusion of a Class E exemption in Section 12–21–3610 is the exclusion of all other exemptions to the bingo tax. As a result, we do not consider whether any other principles of statutory construction would require reversal.[3]

Accordingly, the circuit court's order is

**REVERSED.**

ANDERSON and STILWELL, JJ., concur.

---

**3.** Consequently, it is irrelevant how much money the Department could collect with the bingo tax under Home Health's interpretation of the statute.