THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 
 
 

   v.

 
 
 
 Rayshana H.,
 Randall S., and John Doe, Defendants,
 
 
 
 Of Whom Randall
 S. is the Appellant.
 
 
 In the interest of two minor child under the age of 18.
 
 
 

Appeal From Sumter County
 George M. McFaddin, Jr., Family Court
Judge

Unpublished Opinion No. 2011-UP-195
 Heard February 23, 2011  Filed April 28,
2011    

AFFIRMED

 
 
 
 Richard T. Jones, of Sumter, for Appellant.
 Deborah Truett Nielsen, of Sumter, for
 Respondent.
 Edgar R. Donnald, Jr., of Sumter, for
 Guardian ad Litem. 
 
 
 

PER CURIAM:  Randall
 S. (Father) appeals from the family court's final order terminating his
 parental rights to his two minor children (Children).  Father argues the family
 court erred in (1) denying his motion for involuntary dismissal and (2)
 terminating his parental rights.  We
 affirm. 
I.  Motion
 for involuntary dismissal
This issue is not preserved
 for appellate review.  After Father moved for involuntary dismissal at the
 close of the Department of Social Services' (DSS) case, he presented testimony
 from six witnesses but did not renew his motion for involuntary dismissal at
 the close of his case.  See Wallace v. Milliken & Co., 300
 S.C. 553, 559, 389 S.E.2d 448, 451 (Ct. App. 1990) (holding an appellant waives
 the right to question on appeal the trial court's denial of Rule 41, SCRCP,
 motion when the appellant presents evidence after the initial denial of the
 motion and fails to renew the motion at the close of the case).      
II. Termination
 of parental rights (TPR)     
The grounds for TPR must be
 proven by clear and convincing evidence.  S.C. Dep't of Soc. Servs. v.
 Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon
 review, the appellate court may make its own finding from the record as to whether
 clear and convincing evidence supports the termination [of parental
 rights]."  S.C. Dep't of Soc. Servs. v. Headden, 354 S.C. 602, 609,
 582 S.E.2d 419, 423 (2003).  However, despite our broad scope of review, we are
 not required to disregard the findings of "the family court, who saw and
 heard the witnesses, [and] was in a better position to evaluate their
 credibility and assign comparative weight to their testimony."  Id.  The family court may order TPR upon
 finding one or more of eleven statutory grounds is satisfied and also finding
 TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (2010).  
Section 63-7-2570(7) of the
 South Carolina Code (2010) states a statutory ground for TPR is met when
 "[t]he child has been abandoned as defined in section 63-7-20." 
 Section 63-7-20(1) of the South Carolina Code (2010) states abandonment of a
 child occurs when:
[A]
 parent or guardian wil[l]fully deserts a child or wil[l]fully surrenders
 physical possession of a child without making adequate arrangements for the
 child's needs or the continuing care of the child.
Father argues he did not
 abandon Children because he presented evidence proving he continually provided
 for Children's care before and after he was imprisoned.  We disagree.  
"Conduct of the
 parent which evinces a settled purpose to forego parental duties may fairly be
 characterized as 'willful' because it manifests a conscious indifference to the
 rights of the child to receive support and consortium from the parent."  S.C.
 Dep't of Soc. Servs. v. Broome, 307 S.C. 48, 53, 413 S.E.2d 835, 839 (1992). 
 The determination of whether a parent acts willfully "within the meaning
 of the statute is a question of intent to be determined in each case from all
 the facts and circumstances."  Id. at 47, 413 S.E.2d at 838. 
 Additionally, in order to ascertain whether a parent evinces a settled purpose
 to forego parental duties requires "consideration of all of the
 surrounding circumstances reflected in the record, including the nature of the
 parent-child relationship during times when the father was not incarcerated."  S.C. Dep't of Soc. Servs. v. Wilson, 344 S.C. 332, 337, 543 S.E.2d 580,
 583 (Ct. App. 2001).              
On the facts presented
 by this case, we find clear and convincing evidence supports the family court's
 finding that Father abandoned Children.[1] 
 Here, in reviewing the surrounding circumstances reflected in the record on
 appeal, Father evinced a settled purpose to forgo his parental duties before
 and after he was imprisoned.  DSS presented multiple witnesses who testified
 Father failed to consistently support or visit Children during the intervening
 period when he was not incarcerated, and the family court made extensive
 factual and credibility findings in favor of these witnesses' testimony in its
 final order.  Additionally, after Father was imprisoned, he delayed in taking
 any affirmative steps to set up visitation with Children for more than a year. 
 Furthermore, Father demonstrated a deliberate and willful indifference to caring
 for Children through his decision to continue to engage in criminal activity during
 his intervening period of freedom.  See S.C. Dep't of Soc. Servs. v.
 Truitt, 361 S.C. 272, 603 S.E.2d 867 (Ct. App. 2004) (finding the statutory
 ground of abandonment was satisfied because of "the parent's voluntary
 pursuit of a course of lawlessness" that resulted in imprisonment and the
 parent's "flagrant indifference towards the children during intervening
 periods of freedom.").  Accordingly, the family court correctly found
 sufficient statutory grounds for TPR.           
In a TPR case, the best
 interests of the child are the paramount consideration.  S.C. Dep't of Soc.
 Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). 
 "The interests of the child shall prevail if the
 child's interest and the parental rights conflict."  S.C. Code Ann.
 § 63-7-2620 (2010).  
We find clear and convincing
 evidence in the record supports the family court's finding that termination of Father's
 parental rights was in Children's best interests.[2] Father will not be able to adequately support or
 otherwise provide for Children's continued care until 2024, when his max-out
 date for imprisonment occurs.  Even assuming Father is released from prison
 early, Father has displayed a history of abusing drugs and unstable housing,
 which indicates he would not be able to raise Children in a safe environment. 
 Lastly, Children's current foster care family expressed interest in
 adopting Children and terminating Father's parental rights would give Children
 permanence by allowing the adoption process to proceed.    See Doe v.
 Roe, 386 S.C. 624, 634, 690 S.E.2d 573, 579 (2010) (quoting S.C. Code Ann.
 § 63-7-2510 (2010)) ("Overturning the family court's decision to terminate
 [parent's] rights clearly conflicts with the TPR statute's purpose to make a
 child eligible for adoption by someone 'who will provide a suitable home
 environment and the love and care necessary for a happy, healthful, and
 productive life.'").  Accordingly, the family court correctly determined
 TPR was in Children's best interests.        
AFFIRMED.
WILLIAMS and
 KONDUROS, JJ., and CURETON, A.J., concur.  

[1]  Because we find Father abandoned Children, we need
 not address the remaining statutory grounds for TPR.  See Stinecipher
 v. Ballington, 366 S.C. 92, 100 n.6, 620 S.E.2d 93, 98 n.6 (Ct. App. 2005)
 (stating once one statutory ground is met, this court need not address whether
 any other ground for TPR has been proved).  Additionally, we note while DSS did
 not allege the statutory grounds of either failure to support or failure to
 visit in its TPR complaint against Father, both grounds would have been equally
 applicable to the case at bar.    
[2]  Although the guardian ad
 litem (GAL) recommended TPR, we decline to rely on the GAL's testimony in this
 case.  A review of the GAL's report and the testimony of the GAL at the
 TPR hearing indicates the GAL declined to interview Father.  We note while
 Father was imprisoned, he remained one of the principal parties involved in
 this case and the GAL is authorized by statute to "conduct an independent
 assessment of the facts" and "interview persons involved in the
 case" on behalf of the family court.  S.C. Code Ann. § 63-11-530(B)
 (2010).