## 23427

Jimmy WALLACE, Respondent v. MILLIKEN & COMPANY, Petitioner.
(406 S.E. (2d) 358)

Supreme Court

*John P. Mann* and *M. Lee Daniels, Jr.*, both of *Thompson, Mann and Hutson*, Greenville, *for petitioner.*

*William G. Rhoden*, Gaffney, *for respondent.*

Heard Jan. 8, 1991.

Decided July 8, 1991.

CHANDLER, Justice:

We granted certiorari to review the Court of Appeals' decision reported at 300 S.C. 553, 389 S.E. (2d) 448 (1990).

## FACTS

On July 22, 1986, Respondent, Jimmy Wallace (Wallace), was hired by Petitioner, Milliken & Company (Milliken), as an industrial machine operator. He injured his hand on September 10, 1986, while operating a "calendar" machine. A Workers' Compensation claim was filed immediately, for which Wallace received temporary total and permanent disability benefits. After hospitalization and several operations, Wallace returned for light duty work on December 9, 1986, at which time he was terminated.

Wallace instituted this suit under S.C. Code Ann. § 41-1-80 (Cum. Supp. 1990), alleging that his discharge was in retaliation for the filing of the claim. Circuit Court, sitting without a jury, awarded Wallace $12,500.69 lost wages and ordered reinstatement. Court of Appeals affirmed.

## ISSUES

1. Is an action pursuant to § 41-1-80 one at law or in equity?
2. In retaliatory discharge actions, what is the proper test to establish causation?
3. Upon whom did the burden of proof rest: Employer or Employee?
4. Was the burden of proof sustained here?

## DISCUSSION

### I. NATURE OF ACTION

Court of Appeals held the action equitable in nature, so that it had jurisdiction to find facts in accordance with its own view of the preponderance of the evidence.[1] We agree.

An employee, discharged in retaliation for instituting a Workers' Compensation Claim, is entitled to lost wages and reinstatement. S.C. Code Ann. § 41-1-80 (Cum. Supp. 1990). Reinstatement is equitable relief, payment of back wages being merely an integral part of the remedy. *See Smith v. Hampton Training School for Nurses*, 360 F. (2d) 577, 581 (4th Cir. 1966). Moreover, lost wages are deemed restitution, itself an equitable remedy. *See EEOC v. Detroit Edison Co.*, 515 F. (2d) 301 (6th Cir. 1975), *vacated on other grounds*, 431 U.S. 951, 97 S. Ct. 2669, 53 L. Ed. (2d) 267 (1977).

We disagree with Wallace's contention that in *Patterson v. I.H. Services, Inc.*,[2] the Court of Appeals held an action for retaliatory discharge to be one at law. *Patterson* involved an action for *damages* pursuant to S.C. Code Ann. § 41-1-70 (Cum. Supp. 1990), not one, as here, for lost wages and reinstatement. *See Annotation*, 52 A. L. R. 4th 1141, 1444-45 § 2(a).

We find the action here equitable. Court of Appeals correctly found facts in accordance with its own view of the preponderance of the evidence. *See Kelly v. Peeples*, 294 S.C. 63, 362 S.E. (2d) 636 (1987); *Townes, supra*.

### II. TEST FOR CAUSATION

Three different causation tests are applied by courts in retaliatory discharge cases:

(1) *Sole factor*, which places the greatest burden on the employee. It requires proof that the *only* motivating factor for discharge was filing of the claim.[3]

---

[1] *Townes Associates Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976).

[2] 295 S.C. 300, 368 S.E. (2d) 215 (Ct. App. 1988).

[3] *See Blair v. Steadley Co.*, 740 S.W. (2d) 329 (Mo. App. 1987); *Carraway v. Franklin Ferguson Mfg. Co.*, 507 So. (2d) 925 (Ala. 1987); *Kern v. South Baltimore General Hospital*, 66 Md. App. 441, 504 A. (2d) 1154 (1986); *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E. (2d) 425 (1973).

(2) *Substantial factor*, which places the least burden on the employee. It requires proof that filing of the claim constituted an *important* or *significant* motivating factor for discharge.[4]

(3) *Determinative factor*, which places a burden on the employee more stringent than *substantial factor*, but less stringent than *sole factor*. It requires proof that the employee would not have been discharged "but for" the filing of the claim.[5]

The appropriate test causation under § 41-1-80 presents a novel question.

Milliken concedes that the *sole factor* test does "not achiev[e] the goals of retaliatory discharge legislation, since there normally may exist some other factor that played some part in the discharge." We agree.

Our reading of the statute leads to the conclusion that the appropriate test is that of *determinative factor*. Section 41-1-80 provides, in part:

> No employer may discharge or demote any employee *because* the employee has instituted . . . any proceeding under the South Carolina Workers' Compensation Law . . . [Emphasis supplied.]

We hereby adopt the *determinative factor* test, which requires the employee to establish that he would not have been discharged "but for" the filing of the claim. Opinion of the Court of Appeals is modified insofar as it applied the *substantial factor* test.

### III. BURDEN OF PROOF

Section 41-1-80 affords an employer certain affirmative defenses, including the violation of specific written company policies. Milliken raised such a defense, alleging that Wallace

---

[4] *See Pierce v. Franklin Electric Co.*, 737 P. (2d) 921 (Okla. 1987); *Goins v. Ford Motor Co.*, 131 Mich. App. 185, 347 N.W. (2d) 184 (1983); *Delano v. South Portland*, 405 A. (2d) 222 (Me. 1979).

[5] *See Leamon v. Workers' Compensation Appeals Board*, 190 Cal. App. (3d) 1409, 235 Cal. Rptr. 912 (1987); *Vaughn v. Pacific Northwest Bell Telephone Co.*, 289 Or. 73, 611 P. (2d) 281 (1980); *Axel v. Duffy-Mott Co.*, 47 N.Y. (2d) 1, 416 N.Y.S. (2d) 554, 389 N.E. (2d) 1075 (1979).

had placed his hands in an operating piece of machinery, a violation of company policy.

We agree with Court of Appeals' affirmance of the trial court's ruling that Milliken had failed to prove its affirmative defense. However, we disagree with its holding that Milliken was required to prove that it *discharged* Wallace for violation of company policy. 300 S.C. 553, 389 S.E. (2d) at 451. This holding effectively shifted the burden to employer to *disprove* that the discharge was in retaliation for filing the claim.

While the employer has the burden of proving its affirmative defenses,[6] the ultimate burden is, throughout, upon the employee. As was succinctly expressed by the Supreme Court of Oklahoma in *Buckner v. General Motors Corp.*:[7]

> [t]he ultimate burden of persuading the trier of fact that the employer retaliatorily discharged the employee for exercising statutory rights under the Act remains *at all times with the employee.* The burden of persuasion never shifts and the employee bears the burden of persuasion that the reason given for termination was pretextual. . . . The employee may succeed in this, either directly by persuading the court that the discharge was significantly motivated by retaliation for her exercise of statutory rights, or indirectly by showing that the employer's proffered explanation is unworthy of credence.

760 P. (2d) at 807. (Emphasis supplied.)

While we reject Court of Appeals' implication that the burden was Milliken's to prove the reason for the discharge, we affirm in result, as the record supports a finding that the proffered reason, violation of company policy, was pretext. The trial judge found it significant that "although Defendant asserts that Plaintiff failed to follow safety standards, the testimony of Defendant's own witnesses makes it clear that Plaintiff was never properly trained on the Calendar Machine" and, further, that "the very policies that Defen-

---

[6] *Hoffman v. County of Greenville*, 242 S.C. 34, 129 S.E. (2d) 757 (1963).
[7] 760 P. (2d) 803 (Okla. 1988).

dant relies on are vague and ambiguous in regard to cleaning the Calendar Machine."

## IV. WALLACE'S PROOF

Finally, we hold that Wallace's evidence was sufficient to establish retaliation as the determinative factor for his discharge.

On the issue of pretext, the record establishes that, although Milliken's decision to fire Wallace was purportedly made shortly after the accident, it was not disclosed prior to his return in December. We agree with Court of Appeals that, had the discharge been motivated solely by safety concerns, Milliken would have terminated Wallace immediately. This is especially true in light of the emphasis Milliken claims to have placed on safety. Moreover, company procedures for cleaning of the calendar machine were extremely vague; indeed, the record reflects that the training Wallace received on the machine was patently inadequate.

The opinion of the Court of Appeals is

Affirmed as modified.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.