23604

Johnnie JOHNSON, Appellant v. J.P. STEVENS & CO., INC. and Steve Hartsell, Respondents.

(417 S.E. (2d) 527)

Supreme Court

*John J. McDonough, III,* Seneca, *for appellant.*

*Mary C. McCormac* and *Thomas T. Hodges,* Greenville, *for respondents.*

Heard Jan. 20, 1992.

Decided March 30, 1992.

TOAL, Justice:

Johnson brought this action claiming his employer, J.P. Stevens & Co., terminated him in retaliation for filing a Workers' Compensation Claim. The issue presented on appeal is whether under Rule 41(b) of the South Carolina Rules of Civil Procedure the master-in-equity is required to view the evidence in the light most favorable to the plaintiff in granting the defendant's motion for dismissal at the end of the plaintiff's case. We hold the master is allowed to weigh the evidence at this point and affirm.

Johnson was hired by J.P. Stevens on August 5, 1988. At that time, Johnson was informed of the employer's strict absenteeism policy. The employer's written policy indicated probationary employees who miss more than four days will most likely be terminated. On October 27, 1988, Johnson had an accident with a forklift. He was treated for a minor back injury. The treating physician released Johnson to return to work. Johnson did not return but was seen by a second physician to whom he complained of blackouts. The second physician advised Johnson not to return to work while he was experiencing blackouts. The cause of these blackouts and their eventual resolution is not in the record. When Johnson presented his work excuse from the second physician the following day he was terminated. The termination notice specified the reason for termination was excessive absenteeism and blackout spells making him unsafe for forklift work. Johnson admits both reasons were valid. At the time of his termination, Johnson had missed at least nine (9) days during his 90 day probationary period. Johnson was unaware of any employee who had missed more days than he during probation who had not been terminated. Johnson does not dispute he was unable to return to his position as forklift operator due to his blackouts. Additionally, Johnson admitted he was encouraged to report all in-

juries and no one ever threatened or intimated in any way that he would be fired for filing a Workers' Compensation claim.

At the end of the plaintiff's case, the master-in-equity granted the employer's motion to dismiss under Rule 41(b) of the South Carolina Rules of Civil Procedure. Johnson argues this was in error because the master failed to consider the evidence in the light most favorable to Johnson, the party resisting the motion. We disagree. Rule 41(b) provides:

> After the plaintiff in an action tried by the court without a jury has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a new dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.
>
> The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

As an equity action, a retaliatory discharge claim is tried without a jury. *Wallace v. Milliken & Co.*, — S.C. —, 406 S.E. (2d) 358 (1991). Under Rule 41 in a nonjury trial, the trial judge clearly may dismiss the action even though the plaintiff may have established a *prima facie* case. Rule 41(b) allows the judge as the trier of facts to weigh the evidence, determine the facts and render a judgment against the plaintiff at the close of his case if justified. H. Lightsey & J. Flanagan, *South Carolina Civil Procedure* at 368 (1985).

Additionally, we find dismissal proper under the facts of this case. Johnson admits the reasons given by his employer were bona fide. We find the stated reasons to be permissible. The record is devoid of any evidence of a retaliatory motive other than the proximity between the injury and the termination. In light of the conceded legitimate, non-retaliatory motives for the termination, this proximity in time does not meet the employee's burden of proof. S.C. Code Ann. § 41-1-80 (Supp. 1991).

The employer additionally argues Johnson's claim should have been dismissed since he filed the Workers' Compensation claim after his termination. Although not necessary to our decision in this case, we address the issue to clarify it for future claims. The retaliatory discharge statute provides, "no employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law (Title 42 of the 1976 Code), or has testified or is about to testify in any such proceeding." We do not read this provision to require a formal filing of a Workers' Compensation Claim by the employee. The purpose of this statute cannot be avoided by firing an injured employee before he or she files a claim. *Wright v. Fiber Industries, Inc.*, 60 N.C. App. 486, 299 S.E. (2d) 284 (1983). Other jurisdictions have held other conduct sufficient to have instituted a proceeding including the employer's agreement to pay or payment of medical care or the employer's receipt of written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee. *Roseborough v. N.L. Industries*, 10 Ohio St. (3d) 142, 10 OBR 478, 462 N.E. (2d) 384 (1984); *Webb v. Dayton Tire & Rubber Co.*, 697 P. (2d) 519 (Okla. 1985). We hold these types of conduct will suffice to constitute instituting a proceeding under our statute as well.

Affirmed.

HARWELL, C.J., FINNEY and MOORE, JJ., and ALEXANDER M. SANDERS, Jr., Acting J., concur.