23605

William L. MARR, Appellant v. CITY OF COLUMBIA, Respondent.

(416 S.E. (2d) 615)

Supreme Court

*Preston F. McDaniel*, Columbia, *for appellant.*

*Stephen T. Savitz* and *Linda Perace Edwards*, both of *Gignalliant, Savitz & Bettis*, Columbia, *for respondent.*

Heard Feb. 18, 1992; Decided Mar. 30, 1992.

Reh. Den. May 6, 1992.

TOAL, Justice:

Marr brought this action claiming that his employer, the City of Columbia ("City"), breached his employment contract when they terminated his employment and the termination was in retaliation for filing a Worker's Compensation Claim. The Circuit Court granted the City summary judgment on the issue of whether Marr had an employment contract with the City based upon the employee handbook. Marr's claim of violation of S.C. Ann. Section 41-1-80 (Supp. 1991) (retaliatory discharge) was tried on the merits by the judge. *See Wallace v. Milliken & Co.*, — S.C. —, 406 S.E. (2d) 358 (1991). The Circuit Court found that the City did not terminate Marr in violation of S.C. Ann. Section 41-1-80 (Supp. 1991). We agree. We affirm both orders of the Circuit Court.

## FACTS

Marr was hired by the City on January 5, 1988. On July 27, 1988, he injured his back in an accident arising out of and in the course of his employment. On July 28, 1988, Marr began treatment with the City doctor. On August 3, 1988, Marr was informed that he had been released for "light duty." Marr did not report to work for light duty as requested by the City. On August 9, 1988, Marr received a notice of termination from the City. The stated reason for termination was that Marr falsified his application of employment.

Marr received medical coverage under Worker's Compensation for his injuries. However, Marr also claimed the City owes back wages, reinstatement and punitive damages.

## ISSUES

1. Did the Circuit Court judge err in granting summary judgment to the City on the issue of whether the employee handbook created a contract of employment?

2. Did the Circuit Court judge err in finding that the City did not discharge Marr in violation of S.C. Ann. Section 41-1-80 (Supp. 1991)?

## LAW/ANALYSIS

1. Did the Circuit Court judge err in granting summary judgment to the City on the issue of whether the employee handbook created a contract of employment?

The record reveals that the front cover of the employee handbook for the City of Columbia had in large letters the following phrase: (Not a Contract). App. R. 148. The next page of the employee handbook was devoted entirely to "IMPORTANT NOTICE." The important notice filled less than one-third of the page and was one-half in regular type and one-half in large bold type. The large bold type section read as follows:

> NOTHING IN THIS HANDBOOK OR IN ANY OF THE CITY'S PERSONNEL POLICIES SHALL BE DEEMED TO CONSTITUTE A CONTRACT OF EMPLOYMENT AND ALL EMPLOYEES OF THE CITY ARE EMPLOYEES-AT-WILL WHO MAY QUIT AT ANY TIME FOR ANY REASON AND WHO MAY BE TERMINATED AT ANY TIME FOR ANY OR NO REASON.

The record is devoid of any evidence that either the City or Marr treated the employee handbook as a contract notwithstanding the disclaimer.

> If an employer wishes to issue policies, manuals, or bulletins as purely advisory statements with no intent of being bound by them and with a desire to continue under the employment at will policy, he certainly is free to do so. This could be accomplished merely by inserting a conspicuous disclaimer or provision into the written document.

*Small v. Springs Indus., Inc.*, 292 S.C. 481, 485, 357 S.E. 452, 455, 485 (1987).

Summary judgment is appropriate when there are no material facts at issue. *Tom Jenkins Realty, Inc. v. Hilton*, 278 S.C. 624, 300 S.E. (2d) 594 (1983). Where, as here, the employer conspicuously disclaims the handbook as a contract and the parties have not waived the disclaimer, summary judgment for the employer on the issue of whether the handbook forms an employment contract is appropriate. We affirm.

2. Did the Circuit Court judge err in finding that the City did not discharge Marr in violation of S.C. Ann. Section 41-1-80 (Supp. 1991)?

On January 18, 1988, Marr completed and signed the Employee Medical History required by the City. Question 14(B) required a yes or no answer to whether the applicant had "previous back problem." Marr checked "no." The Employee Medical History form also required the employee to sign the following:

I hereby certify that the above medical history is true and complete to the best of my knowledge. I understand that if employed, falsified statements on this questionnaire shall be considered sufficient cause for dismissal. You are hereby authorized to make any investigation of my personal employment or medical history.

After Marr's injury on July 27, 1988, the City investigated Marr's previous employment. In the course of that investigation, the City discovered that Marr injured his back three months prior to completing the Employee Medical History form for the City.

Marr claims the City discharged him in retaliation for filing a Worker's Compensation claim. The retaliatory discharge claim was properly tried without a jury. *Wallace v. Milliken & Co.*, — S.C. —, 406 S.E. (2d) 358 (1991). The trial judge found the stated reason for discharge to be permissible and we agree.

In an action in equity, the appellate court may find facts in accordance with its view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976). This broad scope of review does not, however, require the appellate court to disregard the findings below. *Stevenson v. Stevenson*, 276 S.C. 475, 279 S.E. (2d) 616 (1981). At trial, Marr admitted to injuring his back prior to completing and signing the City's Employee Medical History form. He consulted Midland's Orthopedics for that injury and he was out of work for two weeks. He also admitted to completing and signing the Employee Medical History form which contained erroneous health information.

Marr failed to prove retaliatory motive on the part of the City. The only evidence remotely suggesting a retaliatory motive for discharge is the proximity of the claim to the discharge. *See Johnson v. J.P. Stevens & Co.*, Op. No. 23604, — S.C. —, — S.E. (2d) — (filed March 30, 1992). The lower court

found the City's stated reason for discharging Marr was legitimate and permissible. The decision of the lower court is fully supported by the evidence presented at trial. Thus, we affirm the Circuit Court's conclusion that the City's discharge of Marr was not in retaliation for Marr's filing of a claim under the Worker's Compensation Act in violation of S.C. Code Ann. Section 41-1-80 (Supp. 1991).

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.