THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Shamrock Entertainment Corp., Inc.,       
Appellant,
 
 
 

v.

 
 
 
The Beach Market, L.L.C. and Lara Development Company, Inc.,       
Respondents.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Circuit Court Judge

Unpublished Opinion No. 2005-UP-297
Heard April 4, 2005  Filed April 26, 2005

AFFIRMED

 
 
 
Robert V. Mathison, Jr., of Hilton Head Island, for Appellant.
R. Nicholas Felix and Terry A. Finger, both of Hilton Head Island, for Respondents.
 
 
 

PER CURIAM:  Shamrock Entertainment Corp., Inc., appeals from the decision of the trial court finding The Beach Market, L.L.C., had the right to place restrictions on Shamrocks use of common areas in the shopping center owned by Beach Market and in which Shamrock was a tenant.  Additionally, Shamrock appeals the award of attorneys fees to Beach Market and Lara Development Company, Inc., the denial of its injunction prohibiting the restrictions, and the finding it breached the lease.  We affirm.
FACTS
Shamrock operates Hincheys Chicago Bar and Grill, and has been the tenant under a commercial lease in a shopping center in Hilton Head since 1996.  Lara Development was the original landlord.  Lara Development allowed Shamrock to purchase outdoor furniture and to operate a seating area on the concrete plaza adjoining the buildings comprising the shopping center.  Shamrock served food and beverages, including alcoholic beverages, to patrons seated in the plaza.
Lara Development sold the shopping center to Beach Market, L.L.C. in 1999.  In the spring of 2000, Bruce Kimball, a fifty-percent owner of Beach Market, became concerned regarding excessive trash and noise occurring on the plaza late at night.  Beach Market sought to restrict the consumption of alcohol and other uses of the plaza.  Beach Market placed signs in the plaza specifically restricting the consumption of alcohol in the evenings.  Subsequently, Beach Market propagated and disseminated rules and regulations related to the use of the plaza as well as the sale of food and beverages.  
In July 2000, Beach Market applied in magistrates court for the ejectment of Shamrock, alleging Shamrock was in default of the lease.  Shamrock instituted this declaratory judgment action, claiming the lease allowed the use of the plaza, or in the alternative the lease was modified to allow the use of the plaza.  Shamrock sought a temporary restraining order and injunction prohibiting the enforcement of Beach Markets rules.  
After the magistrates court action was dismissed, Beach Market answered and asserted there was no provision in the lease allowing the use of the plaza.  It sought to eject Shamrock because of the unauthorized use of the plaza.  Lara Development also answered, denying Shamrocks allegations.  In reply to Beach Markets counterclaim for breach of the lease, Shamrock asserted that even if its right to use the plaza was not included in the lease, Beach Market waived its right to prohibit or restrict the use of the plaza.   
Lara Development was granted an involuntary non-suit as to any claims alleged by Shamrock.  The trial court denied Shamrocks request for an injunction and denied Beach Markets request for an eviction.  The court found the lease did not allow the use of the plaza, either originally or through a modification.  The court held Beach Market retained the right to place reasonable restrictions on the use of the plaza and had not waived that right.  It concluded Beach Markets prohibition of alcohol consumption on the Plaza after 11:00 p.m. was reasonable.  Finally, the court awarded Beach Market and Lara Development attorneys fees.  After the denial of Shamrocks motion for reconsideration, this appeal followed.
STANDARD OF REVIEW
A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue.  Felts v. Richland County, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991).  This is ultimately an action to determine the parties rights under the lease.  Therefore, the action is one at law.  See eg., Pruitt v. South Carolina Med. Malpractice Liab. Joint Underwriting Assn, 343 S.C. 335, 339, 540 S.E.2d 843, 845 (2001) (stating an action to construe a contract is an action at law); Skull Creek Club Ltd. Pship v. Cook and Book, Inc., 313 S.C. 283, 286-87, 437 S.E.2d 163, 165 (Ct. App. 1993).  Additionally, an action for an ejectment is an action at law.  Skull Creek, 313 S.C. at 286, 437 S.E.2d at 165.  In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judges findings.  Townes Assocs. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).
LAW/ANALYSIS
I.       Terms of Lease
Shamrock contends the lease provides for its use of the plaza to serve food and beverages.  Additionally, Shamrock maintains the lease was ambiguous and should be read to include the use of the plaza.  We disagree.
In construing a contract, the primary objective is to ascertain and give effect to the intention of the parties as determined by the contracts language.  Schulmeyer v. State Farm Fire & Cas. Co., 353 S.C. 491, 495, 579 S.E.2d 132, 134 (2003).  If its language is plain, unambiguous, and capable of only one reasonable interpretation, that language alone determines the instruments force and effect.  Jordan v. Security Group, Inc., 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993).
The lease included the following relevant provisions.

1.       Leased Premises.  Landlord hereby leases to Tenant . . . Units 101, 102, and 103-B, The Beach Market . . . [t]he Leased Premises are depicted on the attached plan of Beach Market.
2.       Permitted Use of the Leased Premises.  Tenant shall use and occupy the Leased Premises for the operation of a full service restaurant, including the sale of beer, wine and alcoholic beverages, subject to the terms and conditions in this Lease, and for all such uses as may be customarily incidental to Tenants business. . . . Tenant shall have the exclusive right to sell alcoholic beverages, excluding beer, wine and low-alcohol drinks for on-premises consumption at The Beach Market.  

At oral argument, Shamrocks counsel conceded that the definition of Leased Premises does not include the plaza.  However, it contends the second paragraph provides it authority to sell food and beverages for consumption on the plaza, as that is an activity that is incidental to Tenants business.  We disagree and find a proper reading of paragraph two expressly limits it to the Leased Premises.  Nothing in this paragraph can be read to allow Shamrock the use of the plaza when the paragraph begins:  Tenant shall use and occupy the Leased Premises and does not include the plaza.  Furthermore, the last sentence granting Shamrock the exclusive right to sell alcoholic beverages for on-premises consumption does not provide it with authority to utilize the plaza to conduct its business without being restricted by the propertys owner.  Accordingly, we find the trial court properly determined the lease did not grant Shamrock the right to use the plaza for the operation of its business.
II.      Modification of Lease
Shamrock argues Lara Development modified the lease by allowing Shamrock to use the plaza to conduct business and by allowing Shamrock to provide outdoor furniture for use on the plaza.  We disagree and find there was no modification of the lease.
It is well established that [a] written contract may be modified by a subsequent agreement of the parties, provided the subsequent agreement contains all the requisites of a valid contract.  The necessary elements of a contract are an offer, acceptance, and valuable consideration. 
Sauner v. Pub. Serv. Auth. of South Carolina, 354 S.C. 397, 405-06, 581 S.E.2d 161, 166 (2003) (citation omitted).  In addition, 

[i]t is well settled in South Carolina that in order for there to be a binding contract between parties, there must be a mutual manifestation of assent to the terms.  Furthermore, the assent must be as to all of the terms of the contract.  Some terms are considered indispensable to a binding contract.  Among these are price, time and place.   

Edens v. Laurel Hill, Inc., 271 S.C. 360, 364, 247 S.E.2d 434, 436 (1978) (citations omitted).
When the existence of a contract is questioned and the evidence either conflicts or gives rise to more than one inference, the issue of the contracts existence becomes a question for the finder of fact.  Sherman v. W&B Enterprises, 357 S.C. 243, 250, 592 S.E.2d 307, 310 (Ct. App. 2003).  
We find the evidence is susceptible to more than one inference as to Lara Development and Shamrocks mutual assent to the terms of a modification.  The record supports the trial courts finding that the parties did not intend a modification of the lease to grant Shamrock a leasehold interest in the plaza, which would allow Shamrock unlimited use of the plaza twenty-four hours a day.  While Lara Development may have consented to Shamrocks use of the plaza for food and beverage service during normal restaurant hours, it denied any modification of the lease.  Furthermore, there was no additional consideration provided for the right to use the plaza.  Shamrock contends the additional business brought in constituted consideration.  However, this is speculative at best and there is no indication in the record indicating there was additional business brought into the shopping center.  Shamrock did not pay for the right to use the plaza, nor did it offer anything of value to Lara Development.[1]  Accordingly, we affirm the trial courts finding that there was no modification of the lease. 
III.    Estoppel and Waiver of Owners Rights
Shamrock argues the trial court erred in finding Lara Development and, subsequently, Beach Market did not waive their right to place restrictions on the use of the plaza.  It also contends Beach Market should be estopped from placing restrictions on the use of the plaza.  We find Beach Market retained the right to place restrictions on the property it owned which was not leased to Shamrock. 
Waiver is a question of fact for the finder of fact.  Parker v. Parker, 313 S.C. 482, 487, 443 S.E.2d 384, 391 (1994). Waiver is a voluntary and intentional abandonment or relinquishment of a known right.  Janasik v. Fairway Oaks Villas Horiz. Prop.  Regime, 307 S.C. 339, 344, 415 S.E.2d 384, 388 (1992).  A party is not necessarily barred from enforcing a right where a previous deviation from its rights has been allowed.  Rabon v. Mali, 289 S.C. 37, 40, 344 S.E.2d 608, 610 (1986).  A partys waiver of the right to object to a minor violation of its rights does not result in waiver of the right to object to a subsequent and more substantial violation.  Gibbs v. Kimbrell, 311 S.C. 261, 268, 428 S.E.2d 725, 729 (Ct. App. 1993).  
Estoppel applies when a party, relying upon what another has said or done, changes its position to its detriment.  Id.  In addition, estoppel applies when a party observes another dealing with his property in a manner inconsistent with his rights and makes no objection while the other changes his position in reliance on the partys silence; the partys silence is acquiescence that estops him from later seeking relief. 
Id.  
A tenant has been defined to be one who occupies the lands or premises of another in subordination to that others title, and with his assent, express or implied.  Columbia Ry., Gas & Elec. Co. v. Jones, 119 S.C. 480, 490112 S.E. 267, 271 (1922).  Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment, and disposal.  Gasque v. Town of Conway, 194 S.C. 15, 8 S.E.2d 871, 873 (1940), overruled on other grounds, McCall by Andrews v. Batson, 285 S.C. 243, 329 S.E.2d 741 (1985) (overruling cases that held the State could not be sued without its consent).  Property owners also possess the right to protect their property.  See State v. Thompson, 349 S.C. 346, 350, 563 S.E.2d 325, 327 (2002).  
Beach Market as the owner of the shopping center possesses the right to control those portions not leased to the tenants.  As the plaza was a common area, it was subject to the restrictions established by Beach Market.  By merely allowing Shamrock to utilize the plaza to serve food for a portion of its lease, Beach Market did not waive its right to place restrictions on that use if they become necessary.  The trial court found Beach Market did not waive its right to limit the use of the plaza.  There was no evidence in the record to show Beach Market intentionally abandoned its right to protect its property or to forego placing reasonable restrictions on the propertys use.  Additionally, Beach Market placed the restrictions in an effort to reduce the litter and other damage being done to the property by the number of people utilizing the plaza.  Accordingly, we find Beach Market retained the right to use or restrict the use of the plaza.
In addition, we find Beach Market is not estopped from limiting Shamrocks use of the plaza.[2]  As evidence of its detrimental reliance for its estoppel defense, Shamrock relies on its acquisition of outdoor furniture for the purpose of serving food and alcoholic beverages to persons on the plaza.  However, at the most, we find the incurring of this expense would afford it only a right to continue serving food and alcohol on the plaza during normal restaurant hours, a practice Beach Market is not seeking to restrict.  It does not grant Shamrock unlimited use of plaza for patrons milling about consuming alcohol into the morning hours.  
Accordingly, we find the trial court properly determined Beach Market, as the owner of the plaza, retained and did not waive the right to place restrictions on the plazas use.
IV.    Lara Development
Shamrock contends the trial court erred in finding it failed to assert a claim upon which relief may be granted against Lara Development.  Shamrock asserts it was error to grant Lara Developments motion for an involuntary dismissal.  We disagree.
Pursuant to Rule 41(b), SCRCP:  After the plaintiff in an action tried by the court without a jury has completed the presentation of his evidence, the defendant . . .  may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.  Rule 41(b) allows the judge as fact finder to weigh the evidence, determine the facts, and render judgment against the plaintiff if justified at this stage of the trial.  Johnson v. J.P. Stevens & Co., 308 S.C. 116, 118, 417 S.E.2d 527, 529 (1992).  
Shamrocks complaint sought a declaratory judgment requesting the court find the restrictions placed by Beach Market after it took possession of the shopping center were invalid.  Additionally, Shamrock alleged it was a breach of its lease by Beach Market to place the restrictions on the plazas use and to otherwise injure its business.  It sought an injunction prohibiting enforcement of the restrictions.  None of these claims assert any action by Lara Development that injured Shamrock, nor do the claims request any relief against Lara Development.  Accordingly, the dismissal of the claims against Lara is affirmed.  
V.      Shamrocks Breach of Lease
Shamrock asserts the trial court erred in finding it breached the lease by utilizing the plaza and allowing excess littering and other damage to occur.  Although the trial court found a breach of the lease, it refused to order eviction.  Accordingly, we find no reversible error in the trial courts finding of a breach.  See McCall v. Finley, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) (stating that this court has long recognized that whatever doesnt make any difference, doesnt matter).
VI.    Damages
Shamrock asserts there was no evidence of damages and the master erred in finding Shamrock caused Beach Market damages through its use of the plaza.  We disagree.
Beach Market provided evidence that it had to expend money to clean the area of the plaza, including the removal of excessive litter left by patrons of Shamrock.  While there may be no permanent damage to the property, there was evidence of damage to the landscaping, bathrooms, and parking area due to the late night use of the property.  Accordingly, we find evidence to support the findings of the master regarding damages created by Shamrocks use of the plaza.
VII.   Injunction
Shamrock contends the trial court erred in failing to award an injunction.  We disagree.
An injunction is a drastic remedy and should be cautiously applied only when legal rights are unlawfully invaded or legal duties are willfully or wantonly neglected.  LeFurgy v. Long Cove Club Owners Assn, Inc., 313 S.C. 555, 558, 443 S.E.2d 577, 578 (Ct. App. 1994).  In this case, we have found no legal right of Shamrock being abridged by Beach Market.  Accordingly, as we find Beach Market had the right to place the restrictions on the use of the plaza, we conclude the trial court properly denied Shamrocks request for an injunction.
VIII.  Attorneys Fees
Shamrock maintains the court erred in awarding attorneys fees to Lara Development and Beach Market.  The lease provided for the payment of attorneys fees to the prevailing party in a dispute regarding the lease.  Shamrocks main contention is that the decision of the trial court should be reversed making Shamrock the prevailing party.  As we affirm the decision of the trial court, we find no error in its award of attorneys fees to Lara Development and Beach Market under the terms of the lease.
CONCLUSION
For the foregoing reasons, the decision of the trial court is
AFFIRMED.
GOOLSBY, HUFF, and STILWELL,JJ., concur.  

[1] Shamrock contends consideration for the modification existed in the detriment it incurred in purchasing furniture for the Plaza.  See Shayne of Miami v. Greybow, Inc., 232 S.C. 161, 167, 101 S.E.2d 486, 489 (1957) (stating consideration may consist of any benefit to the promisor or in a loss or detriment to the promisee).   Our decision to affirm the trial courts finding of no modification is based solely on the parties intent as to a modification.  We mention the lack of formal consideration only as evidence the parties did not intend a modification of the lease to grant Shamrock a leasehold interest in the plaza.  
[2] Our conclusion remains the same applying either an equitable or law standard of review.  See Maher v. Tietex Corp., 331 S.C. 371, 381 n.1,  500 S.E.2d 204, 209 n.1 (Ct.App.1998) (noting claim of equitable estoppel would fail under either a law or equity standard of review).