THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Allen Tolbert, Appellant,
v.
County of Sumter and Tommy R. Mims, individually and in his official capacity as Sheriff of Sumter County, Defendants, of whom Tommy R. Mims, individually and in his official capacity as Sheriff of Sumter County is
Respondent.
 
 
 

Appeal From Sumter County
 Linwood S. Evans, Jr., Master-in-Equity

Unpublished Opinion No. 2006-UP-330
Submitted September 1, 2006  Filed September 19, 2006

AFFIRMED

 
 
 
John Derrick Clark, of Sumter; for Appellant.
John Evans James, III, of Sumter; for Respondent.
 
 
 

PER CURIAM:  Allen Tolbert appeals the master-in-equitys order dismissing his cause of action alleging Sheriff Tommy Mims of the Sumter County Sheriffs Department (Department) discharged him in retaliation for filing a workers compensation claim.  We affirm.[1]
FACTS
The Department hired Tolbert as a sheriffs deputy in January 1992.  On April 16, 2002, Tolbert injured his right foot and ankle while performing employment-related physical training.  Tolbert was immediately taken to Tuomey Regional Medical Center where he was treated in the emergency room.  Shortly thereafter, a workers compensation claim was filed on behalf of Tolbert.  Tolbert retained an attorney as a result of the claim despite being advised by Sheriff Mims that he did not need an attorney.  
Tolbert received medical excuses relieving him from his work until June 10, 2002, on which date he was medically released to perform light duty.  The Department offered Tolbert light duty on July 30, 2002.  Tolberts treating orthopedist informed the Department that Tolbert was released to return to work full duty on September 23, 2002.  According to the Department, Tolbert continued to perform light duty work.  On October 30, 2002, the Department offered Tolbert leave under the Family Medical Leave Act.  In response, Tolbert informed the Department that he intended to talk with his attorney before making a decision.  Sheriff Mims terminated Tolbert on November 12, 2002.  According to Sheriff Mims, the decision to terminate Tolbert was based on Tolberts work history, prior reprimands, and his failure to return the Family Medical Leave form within a reasonable period of time. 
Tolbert filed this action against Sheriff Mims individually and in his official capacity with the Department as well as the County of Sumter.[2]  In his complaint, Tolbert alleged his termination was in retaliation for filing a workers compensation claim.  Pursuant to an order of reference, the case was referred to the master-in-equity.  After a hearing, the master ruled in favor of Sheriff Mims.  The master specifically found that Tolbert suffered no retaliation due to the pursuit of a workers compensation claim in relation to his injury.  In reaching this conclusion, the master held Sheriff Mimss decision to terminate Tolbert was justifiable based on the wealth of evidence showing [Tolberts] difficulty in relating with the public, his peers and supervisors, in addition to the courts view of [Tolberts] demeanor while on the stand.  Thus, the master concluded that Tolbert failed to meet his burden of showing that he would not have been terminated but for the filing of the workers compensation claim.
Tolbert appeals the masters decision.
DISCUSSION
Tolbert argues the master erred in finding that he failed to prove Sheriff Mims terminated him in retaliation for filing a workers compensation claim.  He contends the preponderance of the evidence establishes that he was terminated from his employment in violation of section 41-1-80 of the South Carolina Code.  We disagree.
As an equity action, a retaliatory discharge claim is tried without a jury.  Johnson v. J.P. Stevens & Co., 308 S.C. 116, 118, 417 S.E.2d 527, 529 (1992).  In reviewing a retaliatory discharge claim, this court may find facts in accordance with our own view of the preponderance of the evidence.  Hinton v. Designer Ensembles, Inc., 343 S.C. 236, 242, 540 S.E.2d 94, 96 (2000); Marr v. City of Columbia, 307 S.C. 545, 548, 416 S.E.2d 615, 617 (1992).
Tolberts claim is governed by section 41-1-80 of the South Carolina Code.  This section provides in pertinent part:

No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers Compensation Law (Title 42 of the 1976 Code), or has testified or is about to testify in any such proceeding.
Any employer who violates any provision of this section is liable in a civil action for lost wages suffered by an employee as a result of the violation, and an employee discharged or demoted in violation of this section is entitled to be reinstated to his former position.  The burden of proof is upon the employee.
Any employer shall have as an affirmative defense to this section the following:  wilful or habitual tardiness or absence from work; being disorderly or intoxicated while at work; destruction of any of the employers property; failure to meet established employer work standards; malingering; embezzlement or larceny of the employers property; violating specific written company policy for which the action is a stated remedy of the violation.

S.C. Code Ann. § 41-1-80 (Supp. 2005).  
In order to prove a claim under this section, a plaintiff must establish the following elements:  1) institution of workers compensation proceedings; 2) discharge or demotion; and 3) a causal connection between the first two elements.  Hinton, 343 S.C. at 242, 540 S.E.2d at 97.  Our supreme court has adopted the determinative factor test as the appropriate test of causation under section 41-1-80.  Wallace v. Milliken & Co., 305 S.C. 118, 121, 406 S.E.2d 358, 360 (1991).  In applying this test, the court has stated that [t]he determinative factor test requires the employee establish that he would not have been discharged but for the filing of the workers compensation claim.  Hinton, 343 S.C. at 242, 540 S.E.2d at 97.  In terms of the burden of proof, our supreme court has further explained:

The ultimate burden of persuading the trier of fact that the employer retaliatorily discharged the employee for exercising statutory rights under the Act remains at all times with the employee.  The burden of persuasion never shifts and the employee bears the burden of persuasion that the reason given for termination was pretextual . . . The employee may succeed in this, either directly by persuading the court that the discharge was significantly motivated by retaliation for her exercise of statutory rights, or indirectly by showing that the employers proffered explanation is unworthy of credence.  
If the employer articulates a legitimate, nonretaliatory reason for the termination, the proximity in time between the work-related injury and the termination is not sufficient evidence to carry the employees burden of proving a causal connection.

Hinton, 343 S.C. at 242-43, 540 S.E.2d at 97 (citations omitted); Wallace, 305 S.C. at 122, 406 S.E.2d at 360.
Applying the above-outlined standard of review in conjunction with the determinative factor test, we find the masters decision is supported by the evidence.  Although it is suspect that Tolbert was terminated less than two weeks after he indicated he would seek the advice of his attorney concerning leave under the Family Medical Leave Act, we find this fact alone is not sufficient to sustain Tolberts burden of proof.  Instead, we find Sheriff Mims articulated a legitimate, nonretaliatory reason for the termination by offering evidence of Tolberts work history, which included reprimands and warnings.  
Specifically, Sheriff Mims, through his witnesses and documentation, identified the following disciplinary incidents:  1) on May 3, 1993, Tolbert was suspended for three days after he engaged in a verbal confrontation with another deputy while assisting in a traffic stop; 2) on July 1, 1993, Tolbert received a written warning for his attitude and tone of voice directed toward his supervisor despite a recommended twelve-day suspension of his patrol car driving privileges; 3) on August 26, 1996, Tolbert received a written warning for improper wear of his duty uniform at a mandatory departmental press appearance; 4) on December 28, 1996, Tolbert was suspended for seven days as the result of an internal investigation of a citizen complaint made against Tolbert for his actions during a traffic stop; 5) on November 1, 1997, Tolbert received a letter of reprimand for his thoughtless comments, expression of negative personal feelings, and unprofessional actions during a COPS Leadership Council meeting; and 6) on February 7, 2001, Tolbert received a verbal warning resulting from a citizen complaint regarding a confrontational telephone conversation.  Additionally, while on light duty after his injury, Tolbert was instructed to wear more professional attire and counseled regarding his attitude in handling a citizen complaint.  
Aside from these disciplinary incidents, Tolberts own testimony indicates Sheriff Mims did not terminate him for filing a workers compensation claim.  Although Tolbert stated during the hearing that this was the reason for his termination, he testified during his deposition that he was fired:  1) [b]ecause of the love of Jesus Christ and I wouldnt let you talk to me like I was some little slave; and 2) for being honest.   
Significantly, the Sheriffs Department also filed the workers compensation claim on behalf of Tolbert, permitted him to return to work after his injury, offered him leave pursuant to the Family Medical Leave Act, and did not terminate him until approximately six months after the injury.   Furthermore, the record reveals that this was not Tolberts only workers compensation claim while employed with the Department.  Finally, to the extent Tolberts claim that retaining an attorney precipitated his termination can be construed as evidence supporting the allegation of retaliatory discharge, we find any inference negligible and not sufficient to sustain Tolberts ultimate burden of proof.  
Accordingly, the decision of the master is
 AFFIRMED.
 GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.

[1]   Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]   The County of Sumter was dismissed pursuant to an agreement between the parties.