THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Demetrius P.
 Ladson, Appellant,
 
 
 

v.

 
 
 
 Harvest Hope
 Food Bank, Respondent.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2012-UP-292   
Heard March 27, 2012 – Filed May 16, 2012

AFFIRMED

 
 
 
 J. Marvin Mullis, Jr., Pamela R. Mullis,
 and Stephen Benjamin Samuels, all of Columbia, for Appellant.
 Kathryn Thomas and Fred A. Williams, both of
 Columbia, for Respondent.
 
 
 

PER CURIAM: Demetrius
 Ladson appeals the trial court's order granting summary judgment for Harvest Hope
 Food Bank on Ladson's causes of action for retaliatory discharge and breach of
 contract accompanied by a fraudulent act.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:   
1. As to the standard
 of review: Rule 56(c), SCRCP (providing summary judgment is appropriate if
 "there is no genuine issue as to any material fact and . . . the moving
 party is entitled to a judgment as a matter of law"); Doe v. Wal-Mart
 Stores, Inc., 393 S.C. 240, 244, 711 S.E.2d 908, 910 (2011) (stating the
 appellate court reviewing a grant of summary judgment must apply the same
 standard used by the trial court).
2.  As to the
 retaliatory discharge cause of action: S.C. Code Ann. § 41-1-80 (Supp. 2011)
 (providing compensatory damages to an employee discharged or demoted "because
 the employee has instituted or caused to be instituted, in good faith, any
 proceeding under the South Carolina Workers' Compensation Law . . . ."); Hinton v. Designer Ensembles, Inc., 343 S.C. 236, 242, 540 S.E.2d 94, 97 (2000) (establishing
 the elements for recovery under section 41-1-80 as (1) the institution of a workers'
 compensation action, (2) discharge or demotion, and (3) a causal connection
 between the first two elements); id. (applying the determinative factor
 test for the causation element of a retaliatory discharge claim, which requires
 the employee to establish he would not have been discharged 'but for' the
 filing of the workers' compensation claim); Wallace v. Milliken & Co.,
 305 S.C. 118, 122, 406 S.E.2d 358, 360 (1991) (stating a claimant in a
 retaliatory discharge action has the burden of proof); id. ("The
 employee may succeed [in carrying the burden of proof], either directly by
 persuading the court that the discharge was significantly motivated by
 retaliation for her exercise of statutory rights, or indirectly by showing that
 the employer's proffered explanation is unworthy of credence." (quoting Buckner
 v. Gen. Motors Corp., 760 P.2d 803, 807 (Okla. 1988))); Lattie v. SHS Enters., Inc., 300 S.C. 417, 419, 389 S.E.2d 300, 301 (Ct. App.
 1990) (finding proximity in time between the employee's filing of a workers'
 compensation claim and the firing may be relevant in a retaliatory discharge
 action); Hinton, 343 S.C. at 243, 540 S.E.2d at 97 ("If the
 employer articulates a legitimate, nonretaliatory reason for the termination,
 the proximity in time between the work-related injury and the termination is
 not sufficient evidence to carry the employee's burden of proving a causal connection.").
3.   As to
 the breach of contract accompanied by a fraudulent act cause of action: Armstrong v. Collins, 366 S.C. 204, 223, 621
 S.E.2d 368, 377 (Ct. App. 2005) (stating a plaintiff alleging breach of
 contract accompanied by a fraudulent act must show: (1) a breach of contract;
 (2) fraudulent intent relating to the breaching of the contract; and (3) a
 fraudulent act accompanying the breach); Shelton v. Oscar Mayer Foods Corp.,
 319 S.C. 81, 90-91, 459 S.E.2d 851, 857 (Ct. App. 1995) (affirming the grant of
 summary judgment in a breach of contract accompanied by a fraudulent act action
 where there was no evidence of any intent to defraud).
AFFIRMED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur. 

[1] The trial court
 found factual issues remained as to Ladson's claim for breach of contract.