**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Katheryna Mulholland-Mertz, Appellant,

v.

Corie Crest Homeowners Association of Spartanburg, Inc., Richard T. Biggs, Kathleen A. Biggs, James Hannah, and Elizabeth A. Hannah, Respondents.

Appellate Case No. 2012-209866

———————————

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

———————————

Unpublished Opinion No. 2013-UP-224
Heard May 6, 2013 – Filed May 22, 2013

———————————

**AFFIRMED**

———————————

James D. Calmes, III, of Greenville, for Appellant.

A. Todd Darwin and John Hollis Inabinet, both of Holcombe Bomar, P.A., of Spartanburg, for Respondents.

———————————

**PER CURIAM:** This appeal arises from Appellant Katheryna Mulholland-Mertz's action for an injunction against Respondents to enforce restrictive covenants

applicable to real property in a residential subdivision.  Pursuant to Rule 41(b), SCRCP, the master-in-equity dismissed Mulholland-Mertz's action and entered judgment in favor of the Respondents.  We affirm pursuant to Rule 220(b), SCACR.  As to Issue 1: *Johnson v. J.P. Stevens & Co.*, 308 S.C. 116, 118, 417 S.E.2d 527, 529 (1992) (noting pursuant to Rule 41(b), SCRCP, in a nonjury trial "the trial judge clearly may dismiss the action even though the plaintiff may have established a *prima facie* case.  Rule 41(b) allows the judge as the trier of facts to weigh the evidence, determine the facts, and render a judgment against the plaintiff at the close of his case if justified"); *id*. at 118, 417 S.E.2d at 528 (affirming the master's grant of a party's motion to dismiss under Rule 41(b) and rejecting the appellant's argument the master did not consider the evidence in the light most favorable to the party opposing the motion); *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 249, 715 S.E.2d 348, 352 (Ct. App. 2011) (providing that in an equity case the appellate court will affirm the findings of the trial court unless the appellant can establish that the preponderance of the evidence is against the findings of the trial court).  As to Issues 2, 3, and 4:  *Taylor v. Lindsey*, 332 S.C. 1, 4, 498 S.E.2d 862, 863-64 (1998) ("Restrictive covenants are contractual in nature, so that the paramount rule of construction is to ascertain and give effect to the intent of the parties as determined from the whole document." (quotations omitted)); *id*. at 4, 498 S.E.2d at 863 ("Words of a restrictive covenant will be given the common, ordinary meaning attributed to them at the time of their execution.").  As to Issue 5: *Young v. Charleston Cnty. Sch. Dist*., 397 S.C. 303, 311, 725 S.E.2d 107, 111 (2012) (declining to address additional remaining issues when the disposition of a prior issue was dispositive of the appeal).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**