**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Raymond A. Wedlake, individually and derivatively, on behalf of all Members of the Woodington Homeowners' Association, Inc., Appellant,

v.

Benjamin Acord, William Craigo, Denis Esteve, and Brian James in their capacity as the current Board of Directors of the Woodington Homeowners' Association, Inc., Respondents.

Appellate Case No. 2018-001209

———————————

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

———————————

Unpublished Opinion No. 2021-UP-113
Submitted February 1, 2021 – Filed April 7, 2021

———————————

### AFFIRMED

———————————

Grant Henry Gibson, of G. Gibson & Associates, LLC, of St. Augustine, Florida, for Appellant.

Ely Owen Grote of McCabe, Trotter & Beverly, P.C., of Columbia for Respondent.

———————————

**PER CURIAM:** Raymond Wedlake appeals the Master-in-Equity's grant of the Woodington Homeowner Association (WHOA) Board's Rule 41(b), SCRCP motion for involuntary non-suit on seven stipulated issues for trial as to whether Wedlake, on behalf of WHOA: (1) was entitled to a declaration the Board must comply with and enforce WHOA's By-Laws; (2) was entitled to a declaration the By-Laws place a duty on the Board to fill a vacancy on the Board and the Board must make reasonable efforts to do so; (3) was entitled to a declaration the By-Laws require a majority of all members to both enter into and to renew a management contract; (4) was entitled to a declaration the By-Laws do not permit a Board member to remain beyond a five-year term; (5) was entitled to a declaration the By-Laws do not permit delegation of the role or authority of the Board; (6) was entitled to a declaration the By-Laws require the Board to send out a ballot to the membership for voting if a proposed amendment to the By-Laws is submitted by an eligible member; and (7) whether Wedlake, in his individual capacity, was entitled to nominal damages if it was found the Board improperly failed to appoint him to the Board. Wedlake also asserts the Master erred in failing to take judicial notice of a copy of the WHOA By-Laws or to allow Wedlake to admit the By-Laws into evidence after the close of his case. We find the Master did not err in granting an involuntary non-suit, in refraining from taking judicial notice of the By-Laws, or in declining to reopen to record to allow the By-Laws to be admitted at trial. Accordingly, we affirm.[1]

1. The Master did not err in refraining from taking judicial notice of the copy of the By-Laws Wedlake attached to his complaint. *See* Rule 201(b), SCRE ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). First, the content of the WHOA By-Laws is not general common knowledge, nor can the accuracy of the version Wedlake included in the complaint be ascertained or authenticated by "readily available sources of indisputable reliability." *Eadie v. H.A. Sack Co.*, 322 S.C. 164, 172, 470 S.E.2d 397, 401 (Ct. App. 1996) ("A fact is not subject to judicial notice unless the fact is either of such common knowledge that it is accepted by the general public without qualification or contention, or its accuracy may be ascertained by reference to readily available sources of indisputable reliability."). Instead, the proper avenue for proving what the WHOA By-Laws stated was to introduce and authenticate a copy

---

[1] Nothing in this opinion shall be construed as a comment on the appropriateness of the attorneys' fees accrued by the Board's counsel during the trial and appeal of this case, or on the actions and assessments of the Board in order to pay the attorneys' fees while this case was on appeal.

of the By-Laws at trial. *See State v. Green*, 427 S.C. 223, 229, 830 S.E.2d 711, 714 (Ct. App. 2019) ("All evidence must be authenticated."); *see also Moss v. Aetna Life Ins. Co.*, 267 S.C. 370, 377, 228 S.E.2d 108, 112 (1976) (holding judicial notice could not be taken of the fact business was sold, as proof of the sale could only be ascertained from the records of the corporation or from someone with personal knowledge of the sale).

2. The Master did not abuse his discretion in declining Wedlake's request to admit a copy of the By-Laws into evidence immediately following the Board's motion for non-suit. *See Brenco v. S.C. Dep't of Transp.*, 377 S.C. 124, 127, 659 S.E.2d 167, 169 (2008) (stating "the trial judge is endowed with considerable latitude and discretion in allowing a party to reopen a case"); *id.* at 128, 659 S.E.2d at 169 (holding trial court did not abuse its discretion by refusing to allow the party who had the burden of proof a second opportunity to present evidence when it had ample opportunity to do so during trial).

3. Stipulated issue three—whether Wedlake, on behalf of WHOA, is entitled to a declaration that the By-Laws require a majority of all members to both enter into and to renew a management contract—was dropped at trial by agreement, and the Master found in his order that it was properly dismissed under Rule 43(k), SCRCP. Wedlake does not appeal this finding, and it is the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

4. As to stipulated issues one, two, four, and five, the Master did not err in finding they were moot at the time of trial. As to stipulated issue one, the Board admitted into evidence at trial the June 17, 2017 email from the president of the Board, stating, "The law must be followed. By election to the Board, we did agree to abide by the By-Laws." Accordingly, there was no controversy between the parties over the issue of whether the Board must comply with the WHOA By-Laws. *See S.C. Pub. Interest Found. v. S.C. Dep't of Transp.*, 421 S.C. 110, 121, 804 S.E.2d 854, 860 (2017) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." (quoting *Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009))). As to stipulated issue two, Wedlake admitted at trial there was no current vacancy on the Board, and he did not assert the matter was of public interest, had future or collateral consequences for the parties, or that the issue would truly evade review if it occurred again in the future. *See id.* (noting party bringing action has burden to show moot issues fall into an exception to the mootness doctrine); *Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001) (explaining the three exceptions to the mootness doctrine occur when an issue is of important public interest, when it effects future events or has collateral

consequences for the parities, or when it is capable of repetition but evading review); *Byrd v. Irmo High Sch.*, 321 S.C. 426, 430–31, 468 S.E.2d 861, 864 (1996) ("A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character."). Accordingly, issue two was moot at the time of trial. As to stipulated issue four, Wedlake admitted the members of the 2017 Board were elected to their position at the 2017 WHOA annual meeting and were serving the first year of their term. Wedlake did not assert that one of these Board members would be serving past the expiration of his term or that the hypothetical situation of a member serving past his term was a matter of public interest, had future or collateral consequences for the parties, or that the issue would truly evade review if it occurred again in the future. *See S.C. Pub. Interest*, 421 S.C. at 121, 804 S.E.2d at 860; *Curtis*, 345 S.C. at 568, 549 S.E.2d at 596; *Byrd*, 321 S.C. at 430–31, 468 S.E.2d at 864. Accordingly, we agree with the Master that issue two was moot at the time of trial. As to stipulated issue five, Wedlake testified he perceived that the Board secretary's delegation of minute keeping to the Board's management company was improper. However, at the time of trial, the management company in question no longer served as WHOA's management company and the secretary was no longer serving on the Board. Wedlake did not allege any other improper delegation of duty, and any declaration from this court on some other hypothetical delegation of authority would be advisory in nature and would have no practical legal effect on an existing controversy. *See Curtis*, 345 S.C. at 567, 549 S.E.2d at 596 ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy."). Accordingly, issue five was moot at the time of trial.

5. As to stipulated issue six, we find the issue was not moot at the time of trial, as it affected an on-going controversy—namely whether the Board was required to submit a ballot to the WHOA membership on Wedlake's proposed addition of an alternative-dispute resolution provision to the By-Laws. During his case in chief, Wedlake testified he helped draft the WHOA By-Laws, which included a "ballot provision" requiring the WHOA Board to send a ballot to all members of WHOA when an eligible WHOA member proposed an amendment to the By-Laws. Wedlake explained he had proposed an amendment to the By-Laws allowing for alternative dispute resolution when disputes arose between members and the Board, but the vote for his amendment had "been blocked by the current Board." On cross-examination, the Board asked Wedlake about this issue, and specifically, whether Wedlake was required to "force a special meeting" under the By-Laws in order to have his amendment voted upon. Wedlake disagreed this was the necessary course to take; however, on re-direct, he did not further comment on the issue, did

not produce any other evidence in support of his position, and no version of the WHOA By-Laws was admitted into evidence at trial. Because the Master may weigh evidence in a non-jury trial on a motion for non-suit after the plaintiff has rested its case, we find the record supports the Master's determination that Wedlake did not prove he was entitled to a declaration, on behalf of WHOA, that the WHOA Board must send a ballot to all members of WHOA when an eligible WHOA member proposed an amendment to the By-Laws. *See Johnson v. J.P. Stevens & Co.*, 308 S.C. 116, 118, 417 S.E.2d 527, 529 (1992) ("Under Rule 41 in a nonjury trial, the trial judge clearly may dismiss the action even though the plaintiff may have established a *prima facie* case. Rule 41(b) allows the judge as the trier of facts to weigh the evidence, determine the facts and render a judgment against the plaintiff at the close of his case if justified."); *id*. at 117, 417 S.E.2d at 528 (stating that on appeal from the grant of a motion for involuntary non-suit, this court must affirm the Master's findings if there is any evidence to support them).

6. As to stipulated issue seven, the Master made no specific findings of fact in denying Wedlake's individual action for damages resulting from the Board's failure to appoint him to the Board upon the secretary of the Board's resignation, stating only: "I find [Wedlake] is not entitled to an award of any damages against [the Board]." However, in granting involuntary non-suit on Wedlake's derivative action, the Master found Wedlake failed to satisfy his burden of proving he was entitled to a declaration "the Board had a duty to fill a vacancy." There is evidence in the record to support this finding. Specifically, during Wedlake's cross-examination, the Board introduced the Board president's June 17, 2017 email to Wedlake in which the president described the actions the Board took at WHOA's second-quarter meeting to assign the resigned member's duties to another Board member and provided several references to By-Law provisions in support of the Board's actions in this regard. Because this evidence indicates Wedlake's interpretation of the By-Law provisions regarding replacement of a Board member was not the only plausible interpretation of the By-Laws, we affirm the Master's grant of involuntary non-suit on Wedlake's individual action for nominal damages against the Board. *See Johnson*, 308 S.C. at 117, 417 S.E.2d at 528 (stating that on appeal from the grant of a motion for involuntary non-suit, this court must affirm the Master's findings if there is any evidence to support them).

7. The Master also granted involuntary non-suit on other grounds. Because we affirm on the issues above, we decline to address the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

**AFFIRMED.**[2]

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.